**In re CLINTON WOOLENS, Inc.**

No. 23293½.

United States District Court
D. Maine, S. D.

June 30, 1953.

Roland J. Poulin, Waterville, Me., trustee.

William H. Niehoff, Waterville, Me., for petitioners for review.

Dubord & Dubord, Waterville, Me., for Clinton Woolens, Inc.

CLIFFORD, District Judge.

This action comes before this Court on the petition of Edith M. Burns, et al., for review of an order of the Referee in Bankruptcy denying priority under section 64, sub. a (2) of the Bankruptcy Act, 11 U.S. C.A. § 104, sub. a (2), of claim for wages earned by them between November 14, 1949 and November 21, 1949, inclusive.

The undisputed facts, briefly, are as follows: The bankrupt was a corporation engaged in operating a woolen mill in Clinton, Maine. Because of financial difficulties, it was forced to cease operations, and closed down on November 22, 1949. The 91 employees of the bankrupt were not paid their wages earned between November 14, 1949 and November 21, 1949, inclusive. On December 1, 1949, a temporary receiver was appointed for the bankrupt in the Supreme Judicial Court in Equity, State of Maine, Kennebec County, and on December 21, 1949, a permanent receiver was appointed.

On April 20, 1950, or approximately five months after the end of the period during which the wages were earned, an involuntary petition in bankruptcy was filed on behalf of 88 of the 91 employees of Clinton Woolens, Inc., and it was adjudged a bankrupt on May 10, 1950.

The 88 wage-earners then filed proofs of claim for wages earned between November 14, 1949 and November 21, 1949, and claimed priority under section 64, sub. a (2), 11 U.S.C.A. § 104, sub. a (2), which reads, in part, as follows:

"The debts to have priority * * * shall be * * * (2) wages not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen * * *."

The single issue before this Court is the interpretation to be placed on the words,

or phrase, "* * * Date of commencement of the proceedings * * *."

The petitioners rely exclusively on Manly v. Hood, 4 Cir., 1930, 37 F.2d 212, 214. Following the reasoning and the decision in this case, they contend that the "commencement of the proceeding" must be construed as embracing the commencement of proceedings in receivership resulting in bankruptcy as well as the commencement of bankruptcy proceedings proper. Therefore, they assert, that the date for determining the three-month limitation provided by section 64, sub. a (2) of the Act, would be December 1, 1949, on which date a temporary receiver was appointed for Clinton Woolens, Inc. Since this occurred on December 1, 1949, or only nine days after the end of the weekly period, in which the petitioners performed their services, the wages would have been earned within the three-month limitation, and, therefore, should be allowed the statutory priority.

Manly v. Hood, supra, also held that a wage-earner was protected by section 64, sub. b (7) of the Bankruptcy Act which gave priority to "debts owing to any person who by the laws of the States or the United States, is entitled to priority." Section 64, sub. b (7), as cited by the petitioners, is no longer in effect because by the Chandler Act of 1938, Sec. 64, sub. b (7) became Sec. 64, sub. a (5) and, among other changes, the phrase "laws of the States" was deleted.

This Court is not in accord with Manly v. Hood, supra. The phrase in dispute is clearly defined by the Bankruptcy Act. According to Section 1(13) of the Act, "commencement of proceedings * * * with reference to time, shall mean the date when the petition was filed". 11 U.S.C.A. § 1(13).

It is the opinion of this Court that the "proceeding" contemplated by the Act is the Bankruptcy proceeding and the date of the commencement thereof is not determined by an earlier insolvency or by a prior state court proceeding in such connection. Therefore, the "three months before the date of the commencement of the proceeding" as specified in Sec. 64, sub. a of the Bankruptcy Act means the three months immediately prior to the filing of the petition in Bankruptcy. In re KO–Ed Tavern, Inc., 3 Cir., 1942, 129 F.2d 806, 142 A.L.R. 357. Strom v. Peikes, 2 Cir., 1941, 123 F.2d 1003, 138 A.L.R. 937.

The Court is thoroughly in accord with the reasoning and result of Strom v. Peikes, supra. In that case the court considered the question as to the priority of a wage claimant under Section 64, sub. a(2) of the Bankruptcy Act when the bankruptcy proceeding was preceded by an assignment pursuant to a New York statute. Having taken the position that the date of the filing of the bankruptcy petition was the effective date for computing the three months' period the court expressly referred to the case of Manly v. Hood, supra, and refused to agree with it in the following language, 123 F.2d at pages 1004 and 1005:

"Reliance is placed, however, on Manly v. Hood, 4 Cir., 37 F.2d 212, 213, where the court declined so to interpret § 64, sub. a(2), then § 64, sub. b(5). The argument was that § 1 had a qualification limiting definitions if 'the same be inconsistent with the context.' Because of the policy of the act in favoring wage earners, and because logically the three months should be dated from any insolvency proceeding, receivership, or assignment, the court felt that it had a case of inconsistency with the context. Granting the strong arguments of equity and liberality toward wage earners, nevertheless it seems difficult to say that the words 'commencement of the proceeding' are inconsistent with the context of § 64, sub. a(2), 11 U.S.C.A. § 104, sub. a(2), if they mean 'date when the petition was filed.' At most they are inconsistent with a broad purpose of § 64, sub. a(2). But even this is not controlling, for they are consistent with the entire context of § 64 and the Bankruptcy Act as a whole. As a general proposition, the priority section establishes a hierarchy of payment from the bankruptcy estate. To inject a date prior to bankruptcy is to confuse the bankruptcy estate with an

earlier estate, such as that in the hands of an assignee. Displacement of a state insolvency proceeding by a bankruptcy proceeding has as part of its purpose the substitution of the bankruptcy rules of distribution. Holding these views, and with all deference, we are constrained to disagree with Manly v. Hood, supra."

Obviously, the limitation in Section 64, sub. a(2) was put in as a Restriction and the proper construction of the Bankruptcy Act compels adherence to its expressed terms.

It is therefore, ordered, adjudged, and decreed that the Order of the Referee denying priority under Section 64, sub. a(2) of the Bankruptcy Act to the wage-earners claim of the petitioners, Edith M. Burns, et al., be and hereby is

Affirmed.