**Matter of EMBASSY RESTAURANT, Inc., Bankrupt.**

No. 24636.

United States District Court
E. D. Pennsylvania.
June 28, 1957.

Nathan I. Miller, Philadelphia, Pa., for trustee.

Richard H. Markowitz, Philadelphia, Pa., for Local 111 and Local 301 Welfare Trust Funds.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., Louis C. Bechtle, Asst. U. S. Atty., Philadelphia, Pa., for United States.

WELSH, District Judge.

This case is before the Court on a petition for review of the disallowance by the Referee in Bankruptcy of certain priority wage claims filed on behalf of the employees of the Bankrupt by the Trustee of the Employees' Welfare Fund of Local Union 111 and by the Trustee of the Employees' Welfare Fund of Local Union 301.

On May 21, 1951, Embassy Restaurant, Inc., entered into a collective bargaining agreement with Local Unions 111 and 301, recognizing said Unions as the sole and exclusive collective bargaining representatives of the employees in all negotiations as to all matters of collective bargaining thereafter to be conducted. Said agreement contained provisions relating to hours, wages, vacations, holidays, seniority and other conditions of employment. Another provision of said agreement related to sick leave with pay for seven days each year which could be accumulated if not used to a maximum of twenty-one days.

In a supplemental agreement, dated January 1, 1953, the Employer and Local Unions agreed to make the provision in the agreement pertaining to sick leave ineffective. In its stead the Employer agreed to contribute certain sums for each employee to a Welfare Plan, the funds to be maintained and utilized to

promote life insurance, weekly sick benefits, hospital and surgical benefits and other benefits for the employees.

Subsequently, on July 1, 1956, a collective bargaining agreement was entered into between Greater Philadelphia Restaurant Operators, Inc., acting on behalf of Embassy Restaurant, Inc., and other restaurants, and Local Unions 111 and 301 which provided for contributions to the Welfare Trust Funds of Local Unions 111 and 301.

The foregoing provisions were in effect at the time of the instant bankruptcy.

The Welfare Plans are administered pursuant to a formal written agreement and declaration of trust. Each trust provides that employee shall mean any employee in the collective bargaining unit represented by the Union; and provides further that the purpose of the Welfare Plan shall be to provide welfare benefits for employees. The collective bargaining agreement provides that each employer is required to pay the sum of $8 per month for every employee within the collective bargaining unit represented by the Union. In view of the manner in which the liability to make contributions or payments has been imposed upon the employers arising out of collective bargaining the Trustee of the Welfare Fund has the right in his discretion to file claims in any proceedings in which an insolvent employer is involved; and said Trustee shall endeavor to have such claims considered and declared to be priority claims entitled to payment preference. Finally, it is provided that all questions pertaining to the Trust's validity, construction and administration shall be determined in accordance with the laws of the Commonwealth of Pennsylvania.

Subsequent to the Employer's being adjudged a Bankrupt the Trustee of the Welfare Fund of Local Union 111 filed his proof of claim, as did the Trustee of the Welfare Fund for Local Union 301, seeking the status of a priority wage claimant, pursuant to the provisions of Section 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2), for payments to the Welfare Funds in the amounts of $216 and $336 which had accrued in the three month period prior to the Bankruptcy. The Referee denied the priority claims asserted but allowed the Trustees of the Welfare Funds the status of general unsecured creditors in the amounts of $216 and $336 respectively. The instant petition for review thereupon followed.

1. Section 64, sub. a of the Act provides that: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, * * * shall be * * * (2) wages not to exceed $600.-00 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen * * *."

It is observed that contributions due the Welfare Funds from the Bankrupt Employer in this proceeding do "not * * * exceed $600.00 to each claimant", by reason of the amount the Employer was obliged to pay monthly for each employee; and "have been earned within three months before the date of the commencement of the proceeding". Also, it is undisputed that the employees, whose numbers within the collective bargaining units represented by the respective Unions determined the amount of the unpaid contributions for which wage priorities are claimed, were "workmen" within the meaning of 64, sub. a (2).

2. Thus, the sole remaining question is: "Are the unpaid contributions from the Bankrupt Employer to the Welfare Funds under the collective bargaining agreement 'Wages' which are due to workmen and therefore entitled to priority within the meaning of Section 64, sub. a(2)?"

3. The precise question has not been decided by this Circuit. Cases outside this Circuit concerned with the problem are in conflict. While it is true those cases are not binding on us we have examined them none the less and consider the case of In re Otto, D.C., 146 F.Supp.

786, 787, most persuasive. In that case the opinion of Judge Mathes, which contains an exhaustive review of the problem and which we think is well reasoned, holds that the unpaid contributions of the employer to the Welfare Fund constitute wage claims entitled to priority under Section 64, sub. a(2). Its language we deem particularly applicable here; however, to quote it here we feel would serve no useful purpose. Suffice it to say that we approve of it most fully.

4. The question here posed is, therefore, answered in the affirmative.

In accordance with the foregoing opinion the Order of the Referee denying the priority claims of the Trustee of the Welfare Fund of Local Union 111 and the Trustee of the Welfare Fund of Local Union 301 will be vacated.

An appropriate order will be prepared and submitted.