**In the Matter of Margaret Edna KUE-THER, also known as Margaret E. Sheehan, Bankrupt.**

No. 63120.

United States District Court
N. D. California, S. D.

March 19, 1962.

A. Don Duncan, San Francisco, Cal. for bankrupt.

Glicksberg, Glicksberg & Goldberg, San Francisco, Cal., for trustee.

ZIRPOLI, District Judge.

Review is sought of the Referee's order of December 21, 1961 denying the Trustee's petition for an order directing that the bankrupt turn over to him vacation pay which had been earned by her at the time of the filing of her petition on July 7, 1961, and which she subsequently received on July 20, 1961.

The facts upon which the Referee's order is based are not in dispute. At the time of the filing of her petition, the bankrupt had been employed as a waitress by the Caravan Lodge a few days short of two years, her employment having commenced on July 20, 1959. Section XI of her union contract contained the following provisions regarding vacation pay:

"After a regular or relief employee has been in the service of an employer for twenty-four (24) months, he shall be entitled to two (2) week's vacation with pay annually as hereinafter provided."

"In the case of regular or relief employees, whether full-time or short-time, pay for the vacation period shall be the average weekly pay received by such employee during the year preceding the vacation."

"When employment is severed, an employee shall be entitled to vacation

pay prorated according to the actual weeks of work and upon the basis of two (2) weeks pay unless employment has been less than one year, in which case proration shall be based upon one (1) week's pay."

Pursuant to these provisions, the bankrupt was paid on July 20, 1961 two week's vacation pay in the amount of $59.36. Had she terminated her employment on July 7, 1961, the date of the filing of the petition, she would have been entitled to receive a prorata portion of this amount based on the number of weeks of work on that date.

By his petition for a turnover order, the Trustee sought to require the bankrupt to pay over to him that portion of her vacation pay to which she was entitled as of July 7, 1961. In denying the petition, the Referee held that since the bankrupt did not in fact terminate her employment on July 7, 1961, no vacation pay had then accrued to her, and consequently the Trustee acquired no right to it. In so holding the Referee was in error.

■ Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, vests the Trustee upon the filing of the petition with title to any property, including rights of action, which prior to the filing of the petition the bankrupt could by any means have transferred. Immediately prior to the filing of the petition on July 7, 1961, the bankrupt was vested with an absolute right to receive at a future date not later than July 20, 1961, the prorata portion of two weeks vacation pay attributable to the number of weeks worked up to that time. This was a property right clearly transferable under California law, which permits even the assignment of unearned compensation under an exising contract of employment. California Civil Code §§ 1044, 1045; In re Otto, 146 F.Supp. 786, 790 (D.C.D.Calif.1956).

■■ It is true that judicial interpretation of Section 70 excludes from its operation assignable interests which represent merely potential acquisitions dependent for their realization upon some contingent event. Thus the Trustee does not acquire title to compensation for services to be performed after bankruptcy, even though the right to such unearned compensation may be assignable. See e. g. Equitable Life Assurance Society of United States v. Stewart, 12 F. Supp. 186 (D.C.W.D.S.C.1935). But, in the present case, the right of the bankrupt to receive the prorata share of two weeks vacation pay attributable to the number of weeks she had worked as of July 7, 1961, was not on that date dependent on any contingency. She was certain to receive payment by July 20 or sooner in the event of an earlier termination of her employment. Consequently, title to such vacation pay passed to the Trustee on the date of the filing of the petition.

The case of Tennessee Valley Authority v. Kinzer, 142 F.2d 833 (6 Cir. 1944), relied upon by the bankrupt in support of the Referee's order, is factually distinguishable from the present case. In that case, the bankrupt's right to receive accumulated vacation pay was dependent upon several contingencies. His right to receive such pay terminated in the event he terminated his employment with the Tennessee Valley Authority or accepted employment with another federal agency, or was guilty of misconduct, or indulged in political activities. It was because of these contingencies which might have deprived the bankrupt of his accumulated vacation pay altogether that the Court held such pay did not pass to the Trustee.

Since the Referee's order of December 21, 1961 is contrary to law, it must be and is hereby vacated. The cause is remanded to the Referee with instructions to enter judgment in favor of the Trustee against the bankrupt for that portion of her two weeks vacation pay attributable to the number of weeks during her employment year that she had worked as of July 7, 1961 upon the taking of any additional testimony that may be necessary to determine the number of weeks actually worked and her average weekly pay during such period.