In the Matter of Abraham COHEN, Bankrupt.

No. 98864.

United States District Court
N. D. California.

Nov. 8, 1967.

---

Raymond P. Lawrence, Redwood City, Cal., for petitioner.

Gerald F. Ellersdorfer, Glicksberg, Kushner & Goldberg, San Francisco, Cal., for trustee.

### ORDER REVERSING REFEREE'S ORDER AND GRANTING TRUSTEE'S PETITION FOR REVIEW

GEORGE B. HARRIS, Chief Judge.

The trustee in bankruptcy has filed a petition for review seeking reversal of the referee's order denying him a turnover order as to certain funds which the trustee contends are accrued wages of the bankrupt earned at the date of bankruptcy and therefore the property of the trustee under Section 70, sub. a of the Bankruptcy Act.

There is no dispute as to the relevant facts in this case. On August 10, 1966, the bankrupt entered into a contract of employment with the San Mateo Union High School District under which the bankrupt was to serve as a full-time teacher for "the school year 1966–1967." The written contract provides that the bankrupt's services were to begin on August 30, 1966, and it is undisputed that the school year ended June 13, 1967. The annual salary for the bankrupt's teaching services during said school year under the contract is $6,520. Although the services under the contract were to be performed during the nine and one-half months' period of the school year, the salary under the contract is payable in twelve equal monthly installments. This payment arrangement results in the bankrupt receiving payment of his salary during the two and one-half months' period following the close of the school year during which he is not actually performing teaching services under the contract.

On May 5, 1967, the trustee filed an application for a turnover order for the amounts due the bankrupt under this employment contract as of the date of bankruptcy, February 24, 1967. The referee granted the trustee's turnover order in the amount of $271.50, which represented one-half of the bankrupt's unexempt earnings earned within 30 days preceding the filing of the bankruptcy petition. This was calculated on the basis of the monthly salary payment to be paid to the bankrupt in the month of February, 1967. The referee refused to grant a turnover order for the additional sum of $684, which represented accrued earnings which the trustee claims would have been paid to the bankrupt as of bankruptcy had the bankrupt terminated his employment at that time.

The question presented is whether the accrued earnings in the amount of $684 represents property of the bankrupt at the date of the filing of the petition in

bankruptcy within the meaning of Section 70, sub. a of the Bankruptcy Act. An examination of the facts and applicable law lead to a conclusion in the affirmative.

The written contract specifically states that the services to be performed thereunder are for the period of the school year and do not call for any services beyond the end of the school year, which was June 13, 1967. Nothing more was required of the bankrupt beyond the end of the school year to earn the payments to be received thereafter for the remaining two and one-half months of the contract. As of the date of bankruptcy, the bankrupt had already earned, and was entitled to, the pro rata share of the payments to be made during the two and one-half month period after the school year.

The referee, however, found that certain additional duties were required of the bankrupt during the two and one-half months after the close of the school year 1966–1967 and, therefore, the salary paid during such two and one-half month period was earned at that time and not during the school year itself. There is no support for this conclusion under the facts of this case. Under the express terms of the contract, the bankrupt was to perform services only during the school year which ended June 13, 1967.

The duties in question during said two and one-half months' period following the close of the school year consisted of certain additional graduate courses to be taken by the bankrupt, and the planning, preparation and consultation with the bankrupt's superiors relative to courses to be taught during the following school year, 1967–1968. The additional graduate courses were not required under the employment contract and had no relation to the payment of the salary thereunder. While these courses might have been required under the bankrupt's teaching credential, by the bankrupt's own testimony at the hearing before the referee on the turnover order, the failure to take these courses would in no way affect the right of the bankrupt to receive his compensation under the employment contract. The planning, preparation and consultation by the bankrupt and the school district in connection with the following school year's courses also had no relation to the employment contract for the school year 1966–1967. The failure to make such preparation for the next year's classes would in no way affect the right of the bankrupt to his salary under the employment contract for the year 1966–1967.

This Court was confronted with a similar problem in the case of In re Kuether, 203 F.Supp. 223 (D.C.N.D.Cal., 1962). In that case the trustee sought a turnover order as to certain vacation pay of the bankrupt accrued as of the date of bankruptcy. The Court there observed that, had the bankrupt terminated her employment as of the date of filing the bankruptcy petition, she would have been entitled to receive a portion of this vacation pay based on the number of weeks she had worked to the date of bankruptcy. The bankrupt in the case at bar also stated in his testimony that in the event his employment had been terminated as of bankruptcy, he would have been entitled to receive a pro rata portion of his salary for the two and one-half month period beyond the school year which he had earned to the date of bankruptcy. In the *Kuether* case, as in the case at bar, the amounts in question had been earned by the bankrupt and were not dependent upon any contingency, or the performance of any further services therefor. The Court in the *Kuether* case, held that the right to receive the accrued vacation pay was a property right clearly transferable under California law and therefore the same vested in the trustee under Section 70a of the Bankruptcy Act.

The *Kuether* case was applied and cited with approval in Kolb v. Berlin, 356 F.2d 269 (5th Cir. 1966). That case involved, in addition to the turnover of certain accrued pay, an amount representing a certain number of accrued hours of annual leave. Citing the *Kuether* case, the

**892**

Court held that the accrued pay and the amount representing the accrued hours of annual leave as of the date of bankruptcy vested in the trustee under Section 70, sub. a of the Bankruptcy Act.

The Court finds that the written employment contract of the bankrupt and the cases of In re Kuether, supra, and Kolb v. Berlin, supra, are determinative of the questions presented in this case, and that the $684 in accrued earnings vested in the trustee in bankruptcy as of the date of bankruptcy under Section 70, sub. a of the Bankruptcy Act.

Therefore, the trustee's petition for review is granted and this case is remanded to the referee for the entry of a turnover order in favor of the trustee in the amount of $684, in addition to the $271.50 already granted, and for such further action not inconsistent with this order.