**Kenneth Robert FREDERICK, Appellant,**

v.

**Kal W. LINES, Appellee.**

**Clarence HARRIS, Appellant,**

v.

**Kal W. LINES, Appellee.**

**Nos. 23015, 23016.**

United States Court of Appeals, Ninth Circuit.

April 21, 1970.

Bruce Bailey (argued), of Rosenthal, McDermid & Weiss, Redwood, Cal., for appellant Frederick.

John T. Hansen (argued), San Francisco, Cal., for appellant Harris.

Burton I. Meyer (argued), of Glicksberg, Kushner & Goldberg, San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge.

Does title to a bankrupt wage earner's accrued and unpaid vacation pay pass to the trustee in bankruptcy under section 70a(5) of the Bankruptcy Act? We hold that it does not, disapproving the contrary views expressed in In re Cohen (N.D.Cal.1967) 276 F.Supp. 889 and In re Kuether (N.D.Cal.1962) 203 F.Supp. 223.

The respective trustees of the bankrupt estates of appellants Frederick and Harris secured turnover orders from the referee directing that each of them pay over his vacation pay to the trustee at such future time as each received that pay. The district court affirmed the orders, and these appeals followed.

The facts in both cases were stipulated. The two bankrupts are California residents; each filed a voluntary bankruptcy petition; and each derives his support from wages. The differences between the two cases lie in the manner in which their respective employers handle vacations. Mr. Frederick's employer, a large manufacturer, closes its plant for a week twice each year, once during the summer and again at year's end. All employees are given a "vacation" with full pay during the plant closings. Employees cannot draw vacation pay until the plant closes unless the employee is earlier terminated. As of the date he filed his bankruptcy petition, Mr. Frederick's account showed vacation pay credited to him in the sum of $121.68. Mr. Harris' employer, a public utility, does not give its employees compulsory layoffs, but the more conventional voluntary vacation plan. At the time Mr. Harris filed his petition, his account showed accrued vacation pay of $144.14, no part of which he could draw until he took a vacation or was earlier terminated.

Under section 70a(5) of the Bankruptcy Act (11 U.S.C. § 110a(5)),[1] vacation pay is "property," title to which vests in the trustee only if it is (1) nonexempt, (2) transferrable or lienable, and (3) "so little entangled with the bankrupt's ability to make an unencum-

---

1. That section provides:

(a) The trustee of the estate of a bankrupt and his successor or succe·sors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * *

(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered; *Provided*, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process: *And provided further*, That when any bankrupt, who is a natural person, shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; * * *

bered fresh start" that it should be so regarded. (Segal v. Rochelle (1966) 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428; Local Loan v. Hunt (1934) 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230.)

It is unnecessary for us to decide whether, under California law, either Mr. Frederick or Mr. Harris could have transferred his right to receive his vacation pay, or whether creditors could have reached those expectancies, because, even if they could, we think that a tansfer of those rights to the trustee impairs the bankrupt's abilities to make an unencumbered fresh start. An asset is not deemed "property" for the purpose of applying section 70a(5), if a transfer of that asset to the trustee interferes with the bankrupt's freedom after the date of his petition to accumulate new wealth. "Accordingly, future wages of the bankrupt do not constitute 'property' at the time of bankruptcy nor, analogously, does an intended bequest to him or a promised gift —even though state law might permit all of these to be alienated in advance." (Segal v. Rochelle, *supra*, 382 U.S. at 379–380, 86 S.Ct. 511, 15 L.Ed.2d 428.)

Vacation pay is analogous to future wages. The trustee agrees that such payments are like wages, but, he says, that part of those wages attributable to services rendered by the bankrupt before he filed his petition should be treated for section 70a(5) purposes as if they were regular accrued and unpaid wages antedating bankruptcy. The wage analogy breaks down if it is extended to the trustee's lengths. From the employee's standpoint, there is no similarity between earned wages that he will receive at the end of the week and bookkeeping entries showing vacation credits that he can convert to cash only when he takes a vacation or is laid off. Those earned credits ars as inaccessible to him as the entries in his social security account before he reaches retirement age.[2]

We also reject the trustee's suggestion that we analogize "accrued" vacation pay to various kinds of future interests that are considered "property" passing to the trustee, such as an interest in a trust the enjoyment of which is postponed to the future. Wages are simply not treated like income from a trust or like contingent remainders. Federal and state law impose an assortment of limitations on the amenability of wages to creditors' claims, by way of exemptions and otherwise, in recognition of the reality that depriving a workman of all or a substantial part of his wages will leave him and his family destitute. (*E. g., see* Sniadach v. Family Finance Corp. (1969) 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349; McCallop v. Carberry (1970) 1 Cal.3d 903, 83 Cal.Rptr. 666, 464 P.2d 122; Cal.Code Civ.Proc. § 690.11; Cal. Labor Code § 300.)

In reaching the conclusion that vacation pay credited to an employee's account before bankruptcy is not "property" within the meaning of section 70a (5), we are mindful that a contrary view would rarely benefit creditors. Instead, such funds when, if ever, received by the employee would usually be consumed by the expenses of administration incurred to keep the estate open awaiting the employee's vacation or his unemployment. But the overriding reason for our view is that an employee who will be without wages or on reduced wages during future layoffs or who will be without a vacation cannot be said to have been given the fresh start Congress intended him to have.

The Sixth Circuit has reached the same conclusion in Tennessee Valley Authority v. Kinzer, *supra*, 142 F.2d 833. We are not persuaded to the contrary by the rationale of the Fifth Circuit in Kolb v. Berlin (5th Cir. 1966) 356 F.2d 269.

The order is reversed.

2. Contributions to retirement funds do not pass to the trustee. *E. g.*, Tennessee Valley Authority v. Kinzer (6th Cir. 1944) 142 F.2d 833.