In the Matter of E. V. MOORE OF CALIFORNIA, INC., a corporation, Bankrupt.

Orlando J. BOWMAN, Trustee in Bankruptcy, Appellant,

v.

BAY AREA PAINTERS TRUST FUND, Appellee.

No. 24493.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1971.

See publication Words and Phrases for other judicial constructions and definitions.

———◆———

Lynn A. Koller (argued), Milton Maxwell Newmark, Lafayette, Cal., for appellant.

Theodore Akulian (argued), Douglas R. Page, Walnut Creek, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims,* BROWNING and KILKENNY, Circuit Judges.

MADDEN, Judge:

The Bay Area Painters Trust Fund was the trustee into whose hands employers of union painters were, under a collective bargaining agreement between the painters' union and the Painting Contractors Association, required to pay sums of money which were intended, under the agreement, to be paid over by the trustee to the individual painters who had worked for members of the Contractors Association. The money involved in this appeal is "vacation pay" and "holiday pay" which the individual employers were obliged, under the contract to pay into the trust fund, for the benefit of the individual painters. The payment of these amounts to the trustee, rather than directly to the individual workman was convenient because a painter might, in the course of a period of time, work for several or many different contractors.

The union contract provided for payments by each employer into the vacation trust fund of 20 cents for each hour that the painter had worked for that employer and 10 cents into the holiday trust fund for each hour.

When bankruptcy proceedings were instituted in the case of E. V. Moore of California, Inc., the bankrupt painting contractor was in default to the vacation trust and holiday trust in the aggregate amount of $14,993.97. The Painters Trust Funds claimed preferential treatment in the distribution of the assets of the bankrupt, for $5,601.72 of the $14,993.77, on the ground of § 64, sub. a(2), of the Bankruptcy Act, Title 11, U.S. Code, § 104, sub. a(2), which provides as follows, in applicable parts:

*Debts which have priority.* a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * *

(2) Wages and commissions, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen * * *.

The claim of the trust funds was opposed by the trustee in bankruptcy. The referee in bankruptcy disallowed the claim, and relegated the entire amount of $14,993.97 to the status of a general claim against the bankrupt estate.[1]

The Painters Trust Funds petitioned the United States District Court for review of the Order of the Referee in Bankruptcy. The District Court, in an unreported decision, held that the vacation pay and holiday pay here involved constituted "wages", within the meaning of § 64a(2) of the Bankruptcy Act, and that Vacation Pay and Holiday Pay Trust Funds were entitled to a preference, in the assets of the bankrupt, in the amount of $5,601.72. The District Court held that this Court's decision in Sulmeyer v. Southern California Pipe Trades Trust Fund, 301 F.2d 768 (1962), holding that vacation pay and holiday pay were

---

* J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. It seems to have been taken for granted that the amounts due to individual painters would not have exceeded $600.00 to any one painter, if the wages preference had been allowed. The same may be said for the absence of controversy as to $5,601.72 being the total amount "earned within three months", prescribed in the statute.

"wages", within the meaning of § 64 sub. a(2) of the Bankruptcy Act, was controlling, and was distinguishable from the decisions of the Supreme Court of the United States in Joint Industry Board of Electrical Industry v. United States, 391 U.S. 224, 88 S.Ct. 1491, 20 L.Ed.2d 546 (1968), and United States v. Embassy Restaurant, Inc., 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959). The District Court's opinion did not mention this Court's decision in Los Angeles Hotel-Restaurant Employer-Union Welfare Fund v. Bowie, 283 F.2d 516 (1960), cert. den. 365 U.S. 817, 81 S.Ct. 699, 5 L.Ed.2d 696. That was proper, because *Sulmeyer, supra*, was more recent that *Bowie*, and is directly in point as regards the instant case.

Perhaps some mention of the Supreme Court's decision in Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), would be proper, though neither party to the instant case has mentioned it. The Supreme Court in *Lines* affirmed this Court's decision, entitled Frederick v. Lines, 425 F.2d 215 (1970). In *Lines* it was the workman, rather than the employer, who went bankrupt. The question was whether the bankrupt workman's accrued vacation pay which had not been paid to him at the time he filed his petition in bankruptcy was "property" within the meaning of the word as used in § 70a(5) of the Bankruptcy Act, 11 U.S.Code § 110 (a) (5). The Supreme Court quoted the language used by it in an earlier opinion, Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), as follows, 400 U.S. at 19, 91 S.Ct. at 113:

> "[t]he main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed."

The Supreme Court added, however, that in its earlier case from which the foregoing quotation was taken, it had said:

> " '[i]t is impossible to give an categorical definition to the word "property," nor can we attach to it in certain relations the limitations which would be attached to it in others.' "

The Supreme Court continued in *Lines*, 400 U.S. at p. 19, 91 S.Ct. at p. 113.

> The most important consideration limiting the breadth of the definition of "property" lies in the basic purpose of the Bankruptcy Act to give the debtor a "new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. * * * "

This court, exercising premonition, in Frederick v. Lines, supra, 425 F.2d 215 (1970), had held that the bankrupt workman Frederick's $137.28 of accrued vacation pay was not "property", within the meaning of § 70a(5) of the Bankruptcy Act and therefore still belonged to Frederick after he had gone through bankruptcy. This Court, in so holding, created a conflict with the decision of the United States Court of Appeals for the Fifth Circuit in Kolb v. Berlin, 356 F.2d 269 (1966). The Supreme Court, in Lines v. Frederick, *supra*, resolved the conflict by agreeing with this Court.

Our discussion of the Lines v. Frederick litigation may be justified because that litigation illustrates the difficulties which confront an inferior federal court which must interpret words such as "property", "wages", and other words in the Bankruptcy Act, and apply those words to specific sets of facts, before the Supreme Court has had occasion to elaborate the conflicting policies which urge its members in one or another direction.

The Supreme Court of the United States has not yet given the authoritative answer to our instant question, the question whether "holiday pay" and "vacation pay" are "wages" within the meaning of the word "wages" in § 64 sub. a (2), of the Bankruptcy Act. The District Court in the instant case answered that question in the affirmative. We think that was the right answer, and we affirm the judgment.