In the Matter of Jacob Jack AVENI, Jr., Bankrupt.

Jacob Jack AVENI, Jr., Appellant

v.

Morton RICHMAN, Trustee in Bankruptcy, Appellee.

No. 71–1774.

United States Court of Appeals, Sixth Circuit.

April 26, 1972.

Paul Mancino, Jr., Cleveland, Ohio, for appellant; Mancino, Mancino & Mancino by Frank Mancino, Cleveland, Ohio, on brief.

Ronald Rubenstein, Cleveland, Ohio, for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The question presented on appeal is whether the non-exempt portion of a bankrupt's wages, which was accrued but unpaid on the date of the filing of his petition, passes to the trustee in bankruptcy as "property" under § 70, sub. a(5) of the Bankruptcy Act, 30 Stat. 565, as amended, 11 U.S.C. § 110(a) (5), where such wages were the bankrupt's sole source of income. The referee in bankruptcy granted an application by the trustee for a "turnover order" of the amount in question, $71.50, holding that this amount is "property" which passes to the trustee under the Act. Upon denial of the bankrupt's petition for review by the District Court, this appeal was perfected.

The bankrupt, Aveni, filed his petition in bankruptcy on November 2, 1970. During the 30-day period prior thereto, he earned a total of $925.90 in gross wages from his employer, and under the laws of the State of Ohio, all but $71.50 of the wages were exempt from attachment. *See* Ohio Rev.Code § 2329.66 (1970). Thus, the Ohio statutory scheme relating to bankruptcy proceedings provides for the support of the bankrupt and his family out of the wages which are the subject of this dispute. Aveni maintains, nevertheless, that he should also be entitled to retain the non-exempt portion of his wages, urging that as a matter of law the non-exempt wages cannot be included within the definition of the term "property" which passes to the trustee under § 70, sub. a(5). We cannot agree.

■ It is well established that assets must be regarded as "property" under the Act unless their transfer to the trustee will interfere with the ability of the bankrupt to make an "unencumbered fresh start" after the date his petition is filed. Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); Frederick v. Lines, 425 F.2d 215 (9th Cir. 1970), aff'd, Lines v. Frederick, 400 U.S. 18, 20, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). This is because the basic purpose of the statute is to place the bankrupt on the same footing as others similarly situated from the date of the bankruptcy by affording him the same opportunity to accumulate new wealth in the future "unhampered by the pressure and discouragement of pre-existing debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *see* Lines v. Frederick, *supra,* 400 U.S. at 19, 91 S. Ct. 1113. Accordingly, where particular assets of the bankrupt constitute future wages (earned income the bankrupt cannot collect until some date subsequent to the bankruptcy) or are analogous to future wages, as in the case of accrued vacation pay or Social Security benefits, they do not pass to the trustee as "property." Segal v. Rochelle, *supra,* 382 U.S. at 379–380, 86 S.Ct. 511; Frederick v. Lines, *supra,* 425 F.2d at 217.

■ Earned wages, however, are far different from future wages. Earned wages are normally payable at a fixed time following the rendering of services by an employee, and the occurrence of bankruptcy does not alter the maturity of the employer's obligation to pay. Thus, such wages frequently become available during the bankruptcy proceedings and the statutorily authorized exemptions provide the bankrupt with a purse from them to meet his basic needs. Bankruptcy accompanied by such an arrangement for exemptions is reasonable to the creditors and is clearly more advantageous to the debtor than to experience, for example, the garnishment of his wages. Certainly, the situation here is in no way comparable to the kind of wage attachment shown in Sniadach v. Family Finance Corp., 395 U.S. 337, 340, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), where prejudgment garnishments of the Wisconsin type often worked tremendous hardships on workers with families to support.

■ The Bankruptcy Act is designed to give the bankrupt a fresh start to begin anew, but this concept should not be judicially expanded to include

"property" which would otherwise vest in the trustee. Regular wages earned prior to the bankruptcy "are sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start", (Segal v. Rochelle, *supra*, 382 U. S. at 380, 86 S.Ct. at 515), that they should be regarded as "property" under § 70a(5) which passes to the trustee.

Affirmed.