**In the Matter of Robert J. SHEARON, d/b/a Shearon Company, d/b/a Shearon Engineering, A Sole Proprietorship, Debtor.**

**Bankruptcy No. BK80–197.**

United States Bankruptcy Court, D. Nebraska.

April 13, 1981.

26. *Wiggins Ferry Co. v. Ohio & Miss. Ry.,* 142 U.S. 396, 408, 12 S.Ct. 188, 191, 35 L.Ed. 1055 (1892).

27. *Id.* at 409.

■■■■■■■■

Richard D. Myers, William Biggs, Omaha, Neb., for trustees.

M. H. Weinberg, Omaha, Neb., for claimant.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

The trustee objects to the claim of the International Brotherhood of Electrical Workers for a priority claim in the amount of $3916.43. This bankruptcy petition was filed on February 5, 1980. The union claims on behalf of employees of the debtor for labor performed prior to October, 1979:

| | |
|---|---:|
| Health and Welfare | $10,448.85 |
| Pension A | 8,191.27 |
| Pension B | 1,355.20 |
| Education Trust | 860.49 |
| Vacation Trust | 9,610.21 |
| Holiday Trust | 3,203.44 |
| Dues to Union | 3,277.52 |
| National Electrical Benefit Fund | 4,914.38 |
| | $41,861.36 |
| Shortage from 8/78 | 105.92 |
| TOTAL BALANCE | $41,967.28 |
| TOTAL PAYMENTS | −19,951.16 |
| BALANCE DUE | $22,016.12 |

In addition, the union claims $857.38 unpaid fringe benefits for October, November and December of 1979 and January of 1980. Without itemization, the union states that $3916.43 of its claim arises from services rendered within 120 days of the filing of the bankruptcy proceeding and is, therefore, entitled to fourth priority status under § 507(a)(4) of the Bankruptcy Code.

Sections 507(a)(3) and (4) of the Bankruptcy Code define the priorities at issue here. There is a third priority for claims for "wages, salaries, or commissions, including vacation, severance and sick leave pay...." This priority is limited to amounts earned within 90 days of the filing of the petition and to $2000.00 per individual. The fourth priority is "for contributions to employee benefit plans...." This priority has a 180-day limit. The gist of the trustee's argument is that the education trust, the vacation trust, the holiday trust, and the union dues would all have been defined as wages under the Bankruptcy Act and are, therefore, wages under the Code and subject to the 90-day limitation. See, e. g., *Bowman v. Bay Area Painters Trust Fund*, 447 F.2d 1106 (9th Cir. 1971); *In re Ross*, 117 F.Supp. 346 (N.D.Cal.1953). The trustee argues that the sole purpose of the fourth priority was to overrule *United States v. Embassy Restaurant, Inc.*, 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959). Accordingly, he believes the fourth priority should be construed narrowly to apply only to the type of benefits involved in that case.

It is true that the fourth priority overrules *Embassy Restaurant*. H.R.No. 95–595, 95th Cong., 1st Sess. 187 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 69 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. However, I believe the legislative intent was not merely to overrule a single case, but rather to enact a broader reform which would recognize "the reality of collective bargaining that often trades wage dollars for fringe benefits ..." and would give comprehensive priority treatment to all forms of employee compensation. H.R. Rep.No. 95–595, *supra*. The third priority covers wages, which I consider to be generally those items payable directly to an employee on a regular basis. The fourth priority covers all "forms of employee compensation ... not in the form of wages." *Id.*, see also S.Rep.No. 95–989, *supra*. The two priorities should be construed together in order to preserve the comprehensive scheme intended by Congress.

Decisions as to the allocation of forms of compensation between the third and fourth priorities must be made almost exclusively by reference to the language of the Code itself and not to prior case law, particularly in view of the tendency of courts to give the relatively narrow language of the former Bankruptcy Act the most liberal construction possible. Elaborate theories of

wage assignment are no longer necessary, and should not be superimposed on the relatively clear language of the Code.

■ Under the Code, third priority status is given to vacation pay. I find that the 90-day limitation should apply to this item whether it is payable directly to an employee or to a trustee. See *Bowman v. Bay Area Painters Trust Fund, supra.* The trustee's objection to the claim of fourth priority status for the vacation trust and the holiday trust will be upheld. I find all the other items listed by the union to be the type of indirect compensation which Congress intended to give fourth priority status and will overrule the trustee's objection as to those items. Since the union's priority claim is not itemized, the entire claim will be denied with leave given to file an amended claim in accordance with this opinion.