## In re LANSDALE TRANSPORTATION CO., INC., Bankrupt.

### Bankruptcy No. 76–1601G.

United States Bankruptcy Court,
E. D. Pennsylvania.

May 15, 1981.

Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., and Pearlstein, Salkin Associates, Lansdale, Pa., for Mitchell Goldman, Trustee.

Mitchell Goldman, Trustee.

Benson Zion, Haverford, Pa., for Road Carriers Local 707 Welfare and Pension Trust Funds and Leonard J. Squeo et al., claimants.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues which confront us in this case are whether (1) the claims of the bankrupt's employees for vacation and holiday pay benefits and (2) the union's claim for contributions to a health and welfare fund are entitled to priority under the Bankruptcy Act ("the Act"). We conclude that they are not because even if they are in the nature of wages, they were earned more than three months before the date of the commencement of the proceedings under the Act.

The relevant facts of the instant case are as follows:[1] In July of 1974, Lansdale Transportation Co., Inc. ("the bankrupt") entered into an agreement with its creditors pursuant to which the bankrupt ceased operations, sold all of its assets and turned the cash proceeds over to a committee of its creditors. Thereafter the former employees of the bankrupt and their union ("the claimants") instituted suits which resulted in judgments against the bankrupts. The claimants subsequently caused writs of attachment to be issued against the funds held by the creditors' committee whereupon, on August 16, 1976, the committee filed an involuntary petition in bankruptcy against the bankrupt under the Bankruptcy Act.[2] Thereafter, adversary proceedings were filed in this court by the claimants in which we held that the claimants did not have valid security interests in the fund which was held by the creditors' committee by virtue of the claimants' writs of attachment because the bankrupt had no interest therein when the attachments were issued.[3] Thereafter, objections were filed by the trustee to the proofs of claim filed in the bankruptcy proceedings by the claimants,[4] contending that, pursuant to our above opinion and the district and circuit courts' affirmances, none of the claims filed by the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of said Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

3. See In re Lansdale Transportation Co., Inc., Bankr.No. 76–1601 (E.D.Pa., filed Sept. 13, 1979), aff'd. No. B–76–01601 (E.D.Pa., filed June 30, 1980), aff'd. No. 80–2201 (3d Cir., filed January 23, 1981) 642 F.2d 442.

4. Proofs of claim numbered 61, 63 and 66 were filed by Road Carriers Local 707 Welfare and Pension Trust Funds. Inasmuch as claims numbered 61 and 63 are amended by and,

claimants was a priority claim and that, moreover, there is no basis for concluding that either claim is entitled to a priority.[5]

The claimants assert, however, that each of their claims is entitled to priority under § 64(a)(2) of the Act which provides:

> a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be . . . (2) wages and commissions, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding. . . .

With respect to the claim of the employees herein for vacation and holiday pay benefits, several courts have held that such a claim constitutes "wages" within the meaning of § 64(a)(2). *See, e. g., In re Public Ledger, Inc.*, 161 F.2d 762 (3d Cir. 1947). But the courts have also held that those benefits must have been earned within three months of the commencement of the filing of the petition in bankruptcy in order to be entitled to priority. *See In re Ad Service Engraving Co.*, 338 F.2d 41 (6th Cir. 1964); *In re Public Ledger, supra; In re Ko-Ed Tavern, Inc.*, 129 F.2d 806 (3d Cir. 1942); *Strom v. Peikes*, 123 F.2d 1003 (2d Cir. 1941); *In re Mergentime, Inc.*, 217 F.Supp. 887 (S.D.N.Y.1963); *In re Clinton Woolens*, 113 F.Supp. 803 (D.Me.1952). In the instant case the benefits which are the subject of the employees' claims were earned months prior to July of 1974 which is substantially more than three months prior to the commencement of the instant proceedings in August of 1976.

The employees argue, however, that the wage benefits were earned within three months of the time when the bankrupt transferred all of its assets to the creditors' committee, i.e., in July 1974, and that the three months period should run from that date instead of the date the petition in bankruptcy was filed, on August 16, 1976.

Otherwise, the employees assert, a bankrupt or its creditors could wipe out all employee wage priority claims by delaying the filing of the bankruptcy petition as was done in the instant case. What is more, the employees contend that, given the legislature's special consideration for employees and their wage claims, Congress could not have intended that those claims could lose their priority in this way. The employees have cited several cases in support of their argument: *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Manly v. Hood*, 37 F.2d 212 (4th Cir. 1930).

We conclude that the arguments of the employees are unconvincing and without merit. In *Lines v. Frederick, supra,* the United States Supreme Court dealt with § 70(a)(5) not § 64(a)(2) and the reasoning of the Court in that case does not convince us that we should ignore the plain language of § 64(a)(2). That section clearly states that a priority is given only to wage claims "which have been earned within three months before the date of the commencement of the proceeding." To interpret that section as the claimants would have us interpret it would be contra to the specific words of the statute and to the intent of Congress. This result is supported by the decisions of the courts in *In re Ko-Ed Tavern, supra,* and *Strom v. Peikes, supra.* Although *Manly v. Hood, supra,* which is cited by the claimants, holds to the contrary, the law in this circuit is crystal clear and we are not convinced by the reasoning of the court in *Manly.* Nor does it appear that other courts have been so convinced. In addition, we are bound by the decision of the United States Court of Appeals for the Third Circuit in *In re Ko-Ed Tavern, supra,* which held that a priority wage claim must have been earned within three months of the commencement of the bankruptcy proceedings and that that three month period is not tolled by a prior state court proceeding or by the bankrupt's earlier insolvency.

therefore, superseded by claim number 66, we will disallow claims numbered 61 and 63.

Proofs of claim numbered 60, 64 and 67 were filed directly by employees Leonard J. Squeo, et al. Again, inasmuch as claims numbered 60 and 64 are amended by and superseded by claim number 67, we will disallow claims numbered 60 and 64.

5. No objections were made, however, to the amounts of either claim nor to their allowances as unsecured claims.

We conclude, therefore, that the instant claims of the employees for vacation and holiday pay benefits are not entitled to priority under § 64(a)(2) since they were not earned within three months of the commencement of the bankruptcy proceedings herein.

With respect to the union's claim for health and welfare fund contributions, we conclude that it likewise is not entitled to any priority. The union has asserted, as the only grounds for priority that its claim is in the nature of "wages" and consequently, is entitled to a priority under § 64(a)(2). Assuming that the nature of the union's claim is, in fact, for "wages",[6] we conclude that that claim is nonetheless not entitled to priority under § 64(a)(2) because it too was not earned within three months prior to the commencement of the bankruptcy proceeding. Accordingly, for the reasons stated above we will sustain the trustee's objections to the priority status of the claims of the employees and the union. The claims will be allowed in the amounts filed as unsecured claims.

---

6. *See*, e. g., *In re E. V. Moore*, 447 F.2d 1106 (9th Cir. 1971); *In re Embassy Restaurants, Inc.*, 154 F.Supp. 141 (E.D.Pa.1957); *In re Otto*, 146 F.Supp. 786 (S.D.Cal.1956). *But see, Local 140 Security Fund v. Hack*, 242 F.2d 375 (2d Cir. 1957) and cases cited therein; *In re Victory Apparel Mfg. Corp.*, 154 F.Supp. 819 (D.N.J. 1957).