## In re WILSON.

### (District Court, W. D. Virginia. May 8, 1901.)

1. BANKRUPTCY—EXEMPTIONS.

Where a bankrupt claimed exemption out of a stock of goods in trade, and the referee found that the goods had been paid for, the bankrupt was entitled to an exemption therein, under Code Va. 1887, § 3630.

2. SAME—CLAIM—SUFFICIENCY.

Code Va. 1887, § 3639, provides for an allowance of an exemption out of a stock of goods on selection by the householder in writing, describing each parcel or article, and affixing to each his cash valuation thereof. *Held*, that a claim by a bankrupt of an exemption out of a stock of goods, claiming such stock in bulk, is an insufficient compliance with the provisions of the Code.

3. SAME—SALE OF GOODS.

Code Va. 1887, § 3630, provides for an exemption to a householder of real and personal estate, including money to the value of not exceeding $2,000. During the time between a petition in bankruptcy and an adjudication the bankrupt disposed of goods for which he had paid to the amount of $332.89, and also sold certain goods for which he had not paid, and for the proceeds of which he accounted to the trustee. *Held*, that the proceeds derived from goods sold by the bankrupt were exempt, where, with other property claimed by him, they did not exceed in value $2,000.

W. D. Vaughan, for bankrupt.
R. L. Jordan, for creditors.

PAUL, District Judge. In this case the referee certifies to the judge of this court certain questions raised by exceptions filed by creditors to the allowance by the trustee of the bankrupt's claim of homestead under the exemption law of Virginia (section 3630, Code 1887). The items in the homestead exemption, as set apart by the trustee, to which exceptions are filed, are the following: Stock of goods in trade, all paid for, $663.98, cash on hand, in bank, $332.89.

To sustain the exception to the allowance of the stock of goods in trade, two grounds of objection are alleged: First, that it is a shifting stock of goods, not shown to have been paid for. The referee, on the evidence, found that the goods had been paid for, and the court, on an examination of the testimony, sustains his findings. The burden of showing that goods claimed as exempt under the homestead law have been paid for rests on the party claiming the exemption; this the bankrupt has shown in this case. The position that the property claimed is a shifting stock of goods, and cannot be set apart under the homestead law, is not sustained. The goods have been surrendered in bulk, and the title thereto, by operation of law, vested in the trustee, and by him are to be disposed of as the law directs. In re Tobias, 103 Fed. 68–71, 4 Am. Bankr. R. 555.

The second ground of objection to the allowance of the stock of goods is that it is not claimed as provided by the statute. Section 3639, Code Va. 1887, provides how a homestead may be set apart in personal estate. Section 3639:

"Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe, with reasonable certainty, the estate so selected and set apart, and each parcel or article, affixing to each his cash valuation thereof; and the said writing

shall be admitted to record to be recorded as deeds are recorded, in the county or corporation wherein such householder resides."

The bankrupt has not in his claim of homestead complied with the requirements of the section quoted. He has simply claimed his stock of goods in bulk. He has not designated and described with reasonable certainty the estate so selected, and each parcel or article, and affixed to each his cash valuation thereof. His general claim of his stock of goods in trade is as foreign to the requirements of the statute as if he were a farmer, and claimed as a homestead exemption all of the live stock on his farm, aggregating the value of the whole. The requirement of the statute is a wise and reasonable one. Its purpose is to enable creditors to ascertain, by inspection of the different articles and the prices affixed thereto, whether the debtor is making a fair and honest claim of homestead, or whether he is giving an underestimate of its value, and thereby securing to himself property that should be subjected to the payment of his debts.

The finding of the referee that the bankrupt, in claiming as part of his homestead exemption his stock of goods in trade, and affixing thereto his aggregate value of the same, is designating and describing the goods "with reasonable certainty," will be overruled. The bankrupt will be allowed to amend his claim of homestead so as to comply with the requirements of the statute (section 3639).

The exception to the allowance as part of the homestead exemption of the sum of $332.89 is thus stated: "Because it is admitted that this amount or sum of money is the proceeds of the sale of goods made between the time of filing the petition for adjudication of bankruptcy and the date the trustee took charge of the stock of goods." The statute (section 3630) exempts to a debtor who is a householder "real and personal estate, * * * including money and debts due him to the value of not exceeding two thousand dollars." Had the bankrupt, at the date of his adjudication in bankruptcy, have had this sum of $332.89 in his possession, he could have claimed it as part of his homestead exemption. So, if, instead of selling the goods from which the money was realized, he had held them, he could, if they had been paid for, have claimed them as part of his homestead exemption. Converting the goods into money placed the creditors in no worse condition than they would have been had he retained the goods. "During the time between the adjudication and the appointment of the trustee, the bankrupt is a trustee of the property." Coll. Bankr. (3d Ed.) 461.

There is no evidence that the bankrupt, holding the property until a trustee was appointed, in any way abused his trust or managed the property to the detriment of any creditor. The evidence shows that the sum of $332.89 was realized on the sale of goods for which the bankrupt had paid. It also shows that he kept an account of the sales of goods for which he had not paid; that these sales amounted to $58.11, which sum has been paid to the trustee. There is no charge of misconduct on the part of the bankrupt in selling these goods, either in the manner of disposing of them or in the prices realized.

The objection to the allowance of the said sum of $332.89 to the bankrupt as part of his homestead exemption is overruled.