**In re John Wayne GRIFFIN and Gwendolyn Sue Griffin, Bankrupts.**

**James W. Hofstetter, Jr., Trustee.**

**Bankruptcy Nos. 78–31681, 78–31682.**

United States Bankruptcy Court, M. D. Tennessee.

Dec. 14, 1979.

654

James Wm. Hofstetter, Jr., Nashville, Tenn., for trustee.

W. Nowlin Taylor, Shelbyville, Tenn., for bankrupts.

MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This matter is before the court on an application of the trustee seeking a determination that the proceeds of two tax refund checks issued by the Internal Revenue Service payable jointly to the bankrupts are assets of their estates. The checks are in the amounts of $958.38 for 1977 and $318.82 for 1978.

At the hearing the attorney for the bankrupts raised two defenses.

The first defense involves the application of the decision in *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) in light of the fact that one of the refund checks is for the year in which the petitions were filed, 1978. In that case the Supreme Court had under consideration a tax refund for the year prior to that in which the bankruptcy petition had been filed and held that it was property of the estate under § 70a(5) of the Act, 11 U.S.C. § 110(a)(5). In concluding that this refund was property of the estate the Court commented that it did not "relate conceptually to future wages and is not the equivalent of future wages for the purposes of giving the bankrupt a 'fresh start'. The tax payments refunded here were income tax payments withheld from the petitioner prior to his filing bankruptcy and are based on earnings prior to that filing." *Id.* at 647, 94 S.Ct. at 2434. The court of appeals for this circuit has held that wages accrued but unpaid on the date of the filing of a petition is property of the estate. *Aveni v. Richman,* 458 F.2d 972 (6th Cir. 1972). Thus, this court can discern no reason why all income tax payments withheld from wages prior to filing would not constitute property of the estate. Absent proof indicating that some other approach should be taken, the refund

for the year of filing should simply be pro-rated as of the date of the filing of the petition. *E.g., In re Jones*, 37 F.Supp. 620 (D.Minn. 1971).

■ The second defense is that the bankrupts are entitled to have the tax refunds set apart to them as exempt property. The court notes initially, however, that Mrs. Griffin indicated in her statement of affairs that her occupation was that of "house-wife" and no proof was offered that she earned any of the income from which the taxes apparently were withheld which ultimately resulted in the refunds. Thus, she has no right to any of the proceeds of the refund checks. *E.g., Wetteroff v. Grand*, 453 F.2d 544 (8th Cir. 1972). Consequently she has no right to have same set apart as her exempt property.

■ Mr. Griffin, however, would have a right to the refunds except for the interest of the trustee which he may avoid to the extent that he is entitled to have same set apart to him as exempt property pursuant to § 6 of the Bankruptcy Act, 11 U.S.C. § 24 (1966). As the essential, initial step to having property set apart as exempt a bankrupt must claim it as exempt in his schedules as required by Rules 403 and 108 of the Federal Rules of Bankruptcy Procedure (hereinafter Bankruptcy Rules). The bankrupt insists that he did so claim the tax refunds as exempt in his original schedules by the phrase "miscellaneous unscheduled personal property, including clothing and personal effects." The total amount allocated for such miscellaneous property, $1,038.00, appears to be the balance available to the bankrupt under § 26–202 of the Tennessee Code after deducting other property totalling approximately $1,500 in declared value which the bankrupt listed with some particularity. No proof was offered, however, as to the specific items of property which the bankrupt had deemed to be covered by this miscellaneous property exemption and had accordingly been retained by him.

At the conclusion of the hearing the court allowed both parties time within which to file briefs. The trustee has filed a very extensive brief. No brief has been filed on behalf of the bankrupts.

■ This court has recently concluded that pursuant to Bankruptcy Rule 110 a bankrupt may amend his schedules to claim additional property as exempt at any time prior to the case being closed. *Jones v. Burgess*, 1 B.R. 421 (M.D.Tenn.1979) (B.J.). Amending schedules to claim property as exempt is the indispensible first step which must be taken prior to any additional property being set apart as exempt. In this case the bankrupt could have filed an amendment to clarify and specifically itemize the property intended to be covered by the miscellaneous property exemption and that amendment would have been effective for the purpose of enabling the bankrupt to claim the tax refunds as exempt property. This, however, was not done. Failure to so amend is, in the opinion of the court, fatal. The trustee, and the court, must know exactly what property is being claimed as exempt in order to be able to make a judgment as to its value and therefore the extent of the bankrupt's right to claim same under applicable state exemption statutes pursuant to § 6 of the Act. The court cannot determine how much of the $1,038.00 apparently available for allocation to the miscellaneous property exemption claim may be allocated to the tax refunds. Although applying the requirement of a state exemption statute which should not dictate the manner in which property is claimed as exempt in bankruptcy proceedings the court in *In re Wilson*, 108 F. 197 (D.C.Va.1901) concluded that it was "wise and reasonable" to have those claiming exempt property to do so with a high degree of specificity. *Id.* at 198. That court stated that property should be claimed as exempt in such a manner and with sufficient specificity "to enable creditors to ascertain, by inspection of the different articles and the prices affixed thereto, whether the debtor is making a fair and honest claim . . . . , or whether he is giving an underestimate of its value, and thereby securing himself property that should be subjected to the payment of his debts." *Ibid.* Such a

requirement not only is consistent with orderly bankruptcy case administration but also appears to be consistent with Bankruptcy Rule 108 and Official Form No. 6. In any event a bankrupt should amend his claim of exempt property to adequately identify the specific items claimed as exempt whenever a trustee questions his right to have certain property set apart to him as exempt.

An appropriate order will be entered.