BUTZNER, Senior Circuit Judge:
Lester S. Shirkey appeals from a judgment of the district court denying him a bankruptcy exemption for his 1980 federal and state income tax refunds. The district court, affirming an order of the bankruptcy court, ruled that Shirkey could not amend his homestead deed to correct his description of the refunds after his voluntary petition in bankruptcy was filed. We conclude: (1) Shirkey’s description of the refunds in his original homestead deed satisfied the requirements of Virginia law; (2) his amendment of his homestead deed was not prohibited by Virginia law; (3) Shirkey’s amendment of his homestead deed did not infringe any rights conferred on the trustee or the creditors by the Bankruptcy Reform Act of 1978; (4) our interpretation of Virginia law does not conflict with the Act, and, consequently, this case does not involve a constitutional issue under the supremacy clause; and (5) the court erroneously ordered Shirkey to pay his 1980 refund to the trustee. We reverse the judgment of the district court and remand this case for further proceedings.
I
On January 28, 1981, Shirkey filed a voluntary petition in bankruptcy. Attached to his petition were schedules of property which he claimed as exempt under 11 U.S.C. § 522 and Va.Code Ann. § 34-4. Included in these schedules was a claim for “1980 Federal and State Income Tax Refunds $800.00.” At the same time, and as required by Va.Code Ann. § 34-17, Shirkey filed a homestead deed listing his exempt property. Included in the deed was a claim for “1978 Federal and State Income Tax Refunds $800.00.”
Subsequently, Shirkey discovered the discrepancy between his federal schedules, which correctly referred to 1980 refunds, and his homestead deed, which erroneously referred to 1978 refunds. On April 15, 1981, he filed an amended homestead deed, correcting the date of his refunds to 1980. He then filed a complaint in bankruptcy court explaining that he had made a typographical error in his original homestead deed and requesting that his $800 be declared exempt property. The trustee objected, claiming that under Virginia law a homestead deed could not be amended after a voluntary petition in bankruptcy had been filed.
*861 The bankruptcy court ruled against Shir-key. It noted Shirkey’s explanation about the error.[1] Nevertheless, it reasoned that “once bankruptcy and the rights of creditors have intervened, the amendment of [a] Homestead Deed after bankruptcy is ineffective.” Thus, Shirkey could not amend his homestead deed to correct the error in the date of the refunds. The bankruptcy court ordered him to pay his 1980 refund to the trustee.
Shirkey then filed a complaint in federal district court, asking the court to declare his refund exempt. The district court concluded that postbankruptcy amendments of homestead deeds were not allowable under Virginia law. Relying on the language of Va.Code § 34-17 and In re Robinette, 34 F.Supp. 518 (W.D.Va.1932), the court ruled that “the Virginia statutes require that the bankrupt designate and describe in writing those items of his personal estate for which he wishes to claim an exemption and record that writing on or before the same day that his ... petition is filed.” Consequently, the order of the bankruptcy judge was affirmed.
II
Pursuant to 11 U.S.C. § 522(b)(1), Virginia has provided that its residents may not exempt property specified in § 522(d). See Va.Code § 34-3.1. Consequently, Virginians may exempt only that property which is allowed by “State or local law.” § 522(b)(2)(A). Virginia law allows a householder to exempt certain personal property, including “debts due him.” Va. Code § 34-4. The parties agree that Shir-key’s tax refund is a debt within the meaning of this statute. To claim an exemption in personal property under Virginia law, the householder must designate the property in writing, describe it “with reasonable certainty,” and state its value. The writing must be recorded, usually as a homestead deed, in the county or city where the householder lives. Va.Code § 34-14.[2] Generally, a homestead deed perfects the exemption if it is recorded any time before sale under a judgment, execution, or other legal process. Virginia law, however, provides that a voluntary bankrupt must record his deed on or before the day he files his petition in bankruptcy, but not thereafter. Va.Code § 34-17.[3] A homestead deed recorded in the wrong county is ineffective. Zimmerman v. Morgan, 689 F.2d 471 (4th Cir.1982).
The requirement that personal property be described with “reasonable certainty” cannot be defined by a universal standard. Nonetheless, courts cannot be allowed to make wholly subjective determinations of *862 reasonableness. Whether a description is reasonably certain involves a judgment that takes into consideration the purpose of exemption statutes and the characteristics of the object to be described. Certain clearly defined principles exist to assist a court in the exercise of its discretion. In Goldburg v. Salyer, 188 Va. 573, 50 S.E.2d 272 (1948), the Supreme Court of Virginia explained that Virginia’s exemption statutes “are enacted to insure an unfortunate debtor and his equally unfortunate, but more helpless, family a means of shelter and a measure of existence.” The Court admonished that provisions for exemption “must be liberally construed in favor of the debtor and strictly against the creditor.” 50 S.E.2d at 274. It cautioned that courts are not authorized “to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there.” 50 S.E.2d at 277.
The exemption statutes were not designed simply to inform a potential creditor of the financial status of a prospective debt- or. By their express terms, an exemption can be claimed after a debt has been incurred and even after it has been reduced to judgment and execution issued. § 34-17. Wilson v. Virginia Nat’l Bank, 214 Va. 14, 196 S.E.2d 920 (1973). This is true although the debtor subsequently becomes a bankrupt. In re Baum, 15 B.R. 538, 539-40 (Bkrtcy.E.D.Va.1981). The purpose of requiring a reasonably certain description and valuation of property is to enable existing creditors to determine whether the claim is honestly asserted or whether the debtor is improperly seeking to insulate his property from the payment of his debts. See In re Wilson, 108 F. 197, 198 (W.D.Va.1901).
Guided by these principles, a court has allowed a Virginia bankrupt to amend his homestead deed to properly itemize, describe, and value property which he had previously claimed in bulk. See In re Wilson, 108 F. 197 (W.D.Va.1901). Although Wilson was decided before the Virginia statute was amended in 1944 to require bankrupts to file homestead deeds at a specified time, other courts, ruling after the amendment to § 34-17, have not applied the amendment pertaining to bankrupts mechanically. For example, a referee in bankruptcy allowed an involuntary bankrupt to claim his homestead exemption, although his deed, which was timely executed, was not recorded until one day after the time prescribed by the Virginia statute. Under these circumstances, the district court held that it was within the equitable discretion of the referee in bankruptcy to allow the exemption notwithstanding the express provision of the Virginia statute. See In re Davies, 96 F.Supp. 416, 419-20 (W.D.Va.1949). Again, a voluntary bankrupt sought to amend his timely homestead deed to increase the value of his equity in a car by over $500 to reflect information about a lien that was disclosed during the bankruptcy proceedings. The district court, overruling the referee, held that § 34-17 did not prohibit the amendment despite the statutory requirement that the exempt property be set apart, described, and valued by a recorded deed on or before the day the bankruptcy petition is filed and not thereafter. See In re Waltrip, 260 F.Supp. 448 (E.D.Va.1966).
Ill
Applying the general principles and precedents summarized in Part II, we conclude that Shirkey should be allowed the exemption that he claims. His homestead deed was timely recorded in the county where he resided. There is no suggestion that his claim for exemption was fraudulent. He has not attempted to claim tax refunds for both 1978 and 1980. Indeed, the record establishes that the only tax refunds in issue were those attributable to his return for 1980, which he correctly described on his bankruptcy schedule. Because only one year’s tax refunds are involved, the date of the refunds is immaterial. By describing the debt due him as federal and state income tax refunds in the amount of $800, Shirkey satisfied the requirement of Va.Code § 34-14 that the article of personal property be designated, described with reasonable certainty, and valued. Neither § 34-14, nor any other provision of Virginia law, requires disclosure in the deed of the date of a transaction giving rise to a debt owed to the bankrupt. *863 We will not by judicial gloss add this requirement to the statute when the date serves no critical purpose. Such a gloss would be contrary to the Virginia Supreme Court’s canons of statutory interpretation explained in Goldburg v. Salyer, 188 Va. 573, 577, 582, 50 S.E.2d 272, 274, 277 (1948). Parenthetically, we note that in Goldburg the Supreme Court, without mentioning the absence of a date, validated exemptions that simply named the debtor and assigned a value to the debts.
We also conclude that Shirkey’s amendment of the homestead deed was permissible. The amendment simply clarified what Shirkey’s counsel candidly admitted was a mistake on his part. Section 34-17, which prescribes the time when a bankrupt must file his homestead deed, does not prohibit clarifying amendments. Applying the precepts stated in Goldburg, we decline to engraft such a prohibition into the statute. Cf. In re Waltrip, 260 F.Supp. 448 (E.D.Va.1966); In re Wilson, 108 F. 197 (W.D.Va.1901).
IV
Our final task is to determine whether our interpretation of Virginia law conflicts with the provisions of the Bankruptcy Reform Act of 1978. See Cheeseman v. Nachman, 656 F.2d 60, 63 (4th Cir.1981). The 1978 Act wrought major revisions in the area of bankruptcy exemptions.
Under the Bankruptcy Act of 1898, the bankrupt’s estate that passed into the hands of the trustee consisted only of non-exempt property.[4] Consequently, the 1944 amendment to Va.Code § 34-17 requiring a person to record his homestead deed on or before the day he filed his petition in bankruptcy complemented the Act of 1898 by designating the property that did not become a part of the bankrupt’s estate. Cf. White v. Stump, 266 U.S. 310, 312-14, 45 S.Ct. 103, 103-104, 69 L.Ed. 301 (1924).
This concept of the bankrupt’s estate has been substantially altered by the Bankruptcy Reform Act of 1978. Section 541 of Title 11 U.S.C. now provides, with exceptions not pertinent to this case, that the bankrupt’s estate is comprised of “all legal or equitable interests of the debtor in property as of the commencement of the case.” This includes all exempt property. In re Smith, 640 F.2d 888, 891-92 (7th Cir.1981). The bankrupt now claims his exemptions from property already a part of his estate by following the procedures set forth in § 522(1). This provides that the debtor shall file a list of the property he claims as exempt under § 522(b), which here consists of the exemptions allowed by Virginia law. Section 522(1) goes on to provide: “Unless a party in interest objects, the property claimed as exempt on such list is exempt.” Section 522(1) must be read in conjunction with the Bankruptcy Rules. Rule 403 directs a bankrupt to claim his exemptions in the schedule of his property filed under Rule 108. Rule 110 allows him to amend this schedule before the case is closed. See In re Doan, 672 F.2d 831, 833 (11th Cir.1982). Rule 403 directs the trustee to designate exemptions, whether claimed originally or by amendment, that he deems should be allowed or disallowed. Both the creditors and the bankrupt may challenge the trustee’s designation.
It is apparent that our interpretation of Virginia law does not conflict with the Bankruptcy Reform Act of 1978. The Act freely allows the bankrupt to amend his schedule of exemptions. By permitting a bankrupt to amend his homestead deed to clarify his claim, we do not trench on the statutory rights conferred on the trustee *864 and the creditors when the petition in bankruptcy is filed. The trustee and the creditors are no longer circumscribed by the former concept that the homestead deed excluded the property designated in the deed from the estate. The Rules afford the trustee and the creditors adequate power to contest the claimed exemptions. Until this contest is resolved and the exemptions allowed, the property designated by the bankrupt as exempt in his homestead deed and in his bankruptcy schedules remains a part of the estate.
Our conclusion — Virginia law pertaining to homestead deeds as applied to the facts in this case does not conflict with the Bankruptcy Reform Act of 1978 — moots the bankrupt’s suggestion that the state law is invalid.
In re Robinette, 34 F.Supp. 518 (W.D.Va.1932), on which the trustee primarily relies, does not counsel a result contrary to the conclusions that we have expressed. We need not resolve the dispute briefed by counsel over whether Robinette was erroneously decided,[5] for in any event it is no longer applicable. Robinette denied a bankrupt the right to amend a homestead deed to claim additional property. Denial was founded on the concept that the filing of a petition was the “line of cleavage” that fixed the time when the bankrupt’s right to control his property terminated “save only as to ‘property which is exempt.’ ” 34 F.Supp. at 522 (citations omitted). This concept was based on the Bankruptcy Act of 1898. As we have mentioned, Congress changed this concept in 1978, and now even exempt property is brought into the estate when the petition is filed. See 11 U.S.C. § 541. The “line of cleavage” that separates exempt from non-exempt property no longer is drawn at the inception of the case but instead at a time much later in the bankruptcy proceedings. See 11 U.S.C. § 522(b); Rule 403. The trustee and the creditors no longer need the protection Ro-binette afforded them.
REVERSED AND REMANDED.

. Shirkey’s counsel candidly admits in his brief that he made a typographical error in the deed. The trustee argues that the bankruptcy court never found that an error was made and that he has never conceded this point. The order of the bankruptcy court states in part: “Upon the complaint ... and answer of the trustee, it being made to appear that [Shirkey] filed his Homestead Deed prior to bankruptcy claiming a refund of his 1978 Federal Income Tax refund when he intended to claim his 1980 Federal Income Tax refund ...” Whether this was intended to be a finding of uncontroverted fact is not clear, but it is clear that the bankruptcy court and the district court proceeded on the assumption that the homestead deed erroneously ascribed the refunds to the 1978 tax. Because this is a rational assumption and no other appears from the record, we, too, will assume that the date in the homestead deed is incorrect.

. Va.Code Ann. § 34-14 provides:
Such estate [Homestead] shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof; and such writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides.

.At the time Shirkey filed his deed, Va.Code Ann. § 34-17 provided:
The real or personal estate which a householder, his surviving spouse or minor children are entitled to hold as exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process, provided that (1) any person who hies a voluntary petition in bankruptcy may set it apart before or on the same day he files his petition but not thereañer .... (italics added)
The italicized portion of the act was added to Va.Code § 6543 (1919) by an act of the General Assembly in 1944. An Act of March 29, 1944, ch. 334, 1944 Va.Acts 489.

. See generally Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). In its analysis of § 541, the Senate Judiciary Committee stated:
Paragraph (1) has the effect of overruling Lockwood v. Exchange Bank [190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061] ... because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate.
S.Rep. No. 95-989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868.

. The district judge who wrote Robinette frankly acknowledged that a subsequent opinion of the Supreme Court cast serious doubt on his decision. See In re Davies, 96 F.Supp. 416, 417-20 (W.D.Va.1949).