962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Roger Lee EMERSON; In Re: Judy Rae Tate EMERSON,
Debtors. Roger Lee EMERSON; Judy Rae Tate
EMERSON, Plaintiffs-Appellants,
v.
SAUNDERS BUILDING SUPPLY, INCORPORATED; Larry SOYARS, t/a
Soyars Masonry; MOTLEY ELECTRIC CORPORATION; LOWE & SONS
HEATING & AIR CONDITIONING, INCORPORATED; Gary BARBOUR;
Joseph W. DAVIS, t/a Davis and Davis Floor Covering,
Defendants-Appellees.
 No. 91-2289.
United States Court of Appeals,
Fourth Circuit.
 Submitted: March 23, 1992
Decided: May 8, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-91-30-D, BK-90-696)
 Lewis Elton Goodman, Jr., Danville, Virginia, for Appellants.
 Marion Lee Stilwell, Williams, Stilwell, Morrison & Grimes, Danville, Virginia, for Appellees.
 Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roger Lee Emerson and Judy Rae Tate Emerson appeal from the district court's affirmance of the bankruptcy court's denial of their motion to avoid liens. We affirm.
 
 I.
 
 2
 The Emersons filed for bankruptcy on May 14, 1990. As a result, two adjacent five acre lots they owned, tracts Y and Z as recorded in Deed Book 847 of Pittsylvania County, Virginia, were ordered sold. The tracts were purchased and recorded as one parcel. Both tracts were subjected to a deed of trust for purposes of constructing a house; however, the house constructed lies completely on tract Y.
 
 
 3
 Appellees were subcontractors on the construction of the Emersons' house. Following construction, they filed memoranda of mechanic's lien on both tracts for the amount due for their work. Five of the six memoranda describe the property involved as a residential dwelling on tracts Y & Z, five acres in size, a description that is accurate when applied to tract Y alone but inaccurate when applied to the combined parcel, which is ten acres in size. The sixth memorandum describes the property with an accurate reference to the Emersons' mailing address, but inaccurately describes the property as "Lot 118." The Emersons sought to avoid the liens on two grounds: (1) the inaccuracies in the description of their property; and (2) the inclusion of tract Z in the memoranda of mechanic's lien even though improvements were restricted to tract Y. The bankruptcy court denied the motion, and the district court affirmed.
 
 II.
 
 4
 The Emersons challenge the bankruptcy court's factual finding that all the parties treated tracts Y and Z as a single residential unit during the construction of the house. A bankruptcy court's findings of fact are not disturbed on appeal unless they were clearly erroneous. Fed. R. Bankr. P. 8013; see First Nat'l Bank v. Fockler, 649 F.2d 213, 216 (4th Cir. 1981).
 
 
 5
 Although the Emersons cite much evidence relating to the legal status of the tracts as separate parcels, the evidence is largely irrelevant. The fact that the tracts were legally distinct, as reflected in the parcel maps and deed, is not disputed. The question is whether the tracts were treated as a single residential unit during the construction of the Emersons' house.
 
 
 6
 The most persuasive evidence on this point was the deed of trust through which construction was financed. Both tracts were encumbered. In addition, the tracts were purchased together and one deed was used to transfer both tracts to the Emersons. Other evidence does support the Emersons' position that only tract Y was intended to benefit from the construction, in particular the restriction of all construction to tract Y. This evidence is not, however, inconsistent with the bankruptcy court's finding. The deliberate preservation of tract Z as a separate parcel, thereby retaining the option of selling it separately in the future, is consistent with the present treatment of both tracts as one residential unit.
 
 
 7
 We conclude that the bankruptcy court's finding that both tracts were treated as one parcel during construction was not clearly erroneous given that both tracts were encumbered for purposes of construction.*
 
 III.
 
 8
 The Emersons contend that the descriptions of their property in the memoranda of mechanic's lien were insufficiently accurate for the liens to be valid. The governing law on this question is found in section 43-15 of the Code of Virginia, which provides that "[n]o inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given." Va. Code Ann. § 43-15 (Michie 1990). Each of the memoranda of mechanic's lien filed contained sufficient information to identify the property, either by reference to the Emersons' mailing address or by reference to the county deed book. Each of the memoranda is also inaccurate as detailed above. The issue is whether these inaccuracies were so great that the property could not reasonably be identified.
 
 
 9
 Neither of the two Virginia cases addressing this issue is helpful because the memoranda in those cases had more accurate descriptions of property than in the present case. Penrod & Stauffer Bldg. Sys., Inc. v. Metro Printing & Mailing Servs., Inc., 326 S.E.2d 662, 664 (Va. 1985); Taylor v. Netherwood, 20 S.E. 888, 889 (Va. 1895). We agree, however, with the bankruptcy court's conclusion that the sufficiency of the memoranda's description must be judged in light of whether, and to what extent, parties were misled by the description. As the bankruptcy court noted, the Emersons have not shown they were unable to identify the property referred to in the deed or that they were prejudiced by the inaccuracies. Accordingly, we conclude that the descriptions were sufficiently accurate.
 
 IV.
 
 10
 The Emersons contend the liens are invalid because Defendants failed to apportion the value of the improvements between the tracts. Their argument stems from language in section 43-3 of the Code of Virginia, which provides that:
 
 
 11
 All persons performing labor or furnishing materials ... for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold ... shall have a lien ... upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof.
 
 
 12
 Va. Code Ann. § 43-3(a) (Michie 1990) (emphasis added). Two principles follow from this statute. First, a lien filed against two properties that fails to apportion expenses between them is in valid. Gilman v. Ryan, 28 S.E. 875, 876 (Va. 1898). Second, a lien that encumbers property not worked upon by the lienor is also invalid. Woodington Elec., Inc. v. Lincoln Sav. & Loan Ass'n, 385 S.E.2d 872, 878 (Va. 1989).
 
 
 13
 At issue here is whether the Defendants' liens are valid under an exception to these rules first articulated in Sergeant v. Denby, 12 S.E. 402 (Va. 1890), and recently reaffirmed and summarized in Addington-Beaman Lumber Co. v. Lincoln Sav. & Loan Ass'n, 403 S.E.2d 688, 690 (Va. 1991), as follows:
 
 
 14
 [A] joint and blanket lien is valid and the lien claimant has no duty to apportion in the memorandum the amount of the lien ... when there is a single contract for the entire work to be performed on the subject property as a whole, and there are no provisions in the agreement allocating a specific portion of the contract price to any individual lot.
 
 
 15
 403 S.E.2d at 690.
 
 
 16
 The bankruptcy court concluded that the mechanics' liens in the present case were valid under Sergeant. There is no dispute that each lien was the result of a single, non-severable contract between the Emersons and the general contractor. Nor have the Emersons shown that specific provisions in the contract allocated the contract price to individual tracts. The main dispute between the parties relates to whether the work was intended to be performed on the"subject property as a whole." In light of the bankruptcy court's factual conclusion that the parties contracted to build a single house on a single parcel of land, the conclusion that work was intended to be performed on the "subject property as a whole" was clearly correct.
 
 
 17
 The Emersons contend that Sergeant is inapplicable because their case is closer factually to cases such as Woodington Elec., Inc. where the liens were found invalid. Sergeant is an exception to a more general rule invalidating liens that are over-inclusive or that fail to apportion expenses between properties. Clearly under Woodington Elec., Inc. the liens in this case would be invalid. The question, however, is not whether the facts are closer to those found in Woodington Elec., Inc.; it is whether the principles distinguishing Sergeant are applicable to these particular liens. Woodington Elec., Inc. does not address when Sergeant is applicable. Other cases found it inapplicable for reasons not relevant to this case. See Addington-Beaman Lumber Co., 403 S.E.2d at 690 (harm to third parties; more than one contract involved); United Masonry, Inc. v. Jefferson Mews, Inc., 237 S.E.2d 171, 182 (Va. 1977) (property upon which lien claimed clearly not within scope of contract); Weaver v. Harland Corp., 10 S.E.2d 547, 548 (Va. 1940) (harm to third parties).
 
 
 18
 Sergeant is distinguishable from this case. The liens in Sergeant were held by contractors, not subcontractors as here. More importantly, Sergeant addressed a failure to apportion between properties, whereas the present case involves allegedly over-inclusive liens. Neither of these distinctions is significant. The core principle of Sergeant is that the scope of the lien is determined by the parties', especially the property owner's, intent regarding which properties were to benefit, and how they would benefit (i.e., separately or as a whole). A lien's breadth is thus a creature of contract. Concerns over fair treatment of third parties may defeat the parties' contractual intent, but otherwise the lien is valid. Neither the fact that Defendants are subcontractors nor the fact that the present case involves an allegedly over-inclusive lien is sufficient to overcome the parties' treatment of both properties as a whole for purposes of constructing the Emersons' house.
 
 V.
 
 19
 For the foregoing reasons, we affirm the district court's affirmance of the bankruptcy court's denial of the Emersons' motion to avoid liens. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Emersons contend that the district court misstated the facts when it observed that the bankruptcy court had approved the sale of the house with liens attached because the bankruptcy court order in fact reserved the issue of the liens' validity for future argument. Although they are correct, the issue is not relevant