**In re Ralph Douglas BLANKENSHIP, Kathy Lynn Blankenship, Debtors.**

No. 5–00–00355.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Aug. 10, 2000.

Dueward H. Scott, Jr., Clifton Forge, VA, for Debtors.

Dale A. Davenport, Harrisonburg, VA, for trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on May 24, 2000, to consider the objection by John G. Leake, Trustee (hereinafter the "Trustee") to the homestead deed filed by Ralph Blankenship (hereinafter the "Debtor"). At the conclusion of the hearing, the parties were given until June 9, 2000, to file any written authority regarding the ability of the Debtor to file an amended homestead deed beyond the statutory deadline which reduces the claim of equity in his real estate in order to allow an exemption of tax refunds. Both parties submitted written authority.

### Background

The Debtor filed a joint Chapter 7 petition with his wife on March 8, 2000. Prior to the initial § 341(a) meeting of creditors on April 4, 2000, the Debtor filed a homestead deed claiming equity in his residence in the amount of $5,250.00 [1]. The day after the meeting of creditors, the Debtor filed an amended homestead deed which retained the claim for the equity in the residence but also added his 1999 federal and state tax returns in the amount of $4,516.00 [2]. The Trustee admits that both

---

1. The Debtors divide the one dependent exemption equally between them so they can each exempt $5,250.00. The Trustee indicated in his brief that he does not oppose this action. Trustee's Brief at 2.

2. The Debtor avers the claim for $5,250.00 of equity in his residence in the second homestead deed was a mistake and that the value of the exemption of the residence was supposed to be reduced to keep the total claimed exemption within the statutory amount.

homestead deeds were filed timely and in the proper location. However, the Trustee filed an objection to the exemption claimed in the tax refunds in the amended homestead deed on the grounds that the Debtor's claim to the equity in the residence exhausted the available exemption.

### Positions of the Parties

The Debtor states that exemption statutes should be liberally construed in favor of debtors and that any doubt as to whether or not certain property is properly exempted should be resolved in favor of the debtors. *In Re Perry*, 6 B.R. 263 (Bankr. W.D.Va.1980). Thus, he argues that he should be allowed to file a second amended homestead deed to clarify his intention regarding his claimed homestead exemptions.

At the hearing on the Trustee's objection, the Court questioned the Trustee's counsel as to the possibility of filing a second amended homestead deed reducing the claim of equity in the residence to bring the total claimed exemption within the statutory guidelines. In his brief, the Trustee admits that many reported cases discuss the right to increase or decrease values of claimed property in amended homestead deeds, but he points out that the vast majority of these cases deal with increases rather than decreases.[3] Also, the Trustee cites Va.Code § 34–13[4] and argues that its plain language prohibits the filing of a second amended homestead deed past the deadline[5] to decrease the value of a claimed exemption in real property in order to claim an exemption in personal property. The Trustee interprets this section to create a pecking order giving a priority to real property exemptions over personal property exemptions.[6] It is his position that once the Debtor in this case filed his initial homestead deed claiming real estate, his claim of exemptions was final and irrevocable.

Further, the Trustee contends that the Debtor's first amended homestead deed was ineffective as it claimed exemption values exceeding the statutory allowable amount. He argues that the Debtor may not go back again after the expiration of the statutory deadline for claiming exemptions and add an asset which was not properly claimed prior to the deadline. *See In Re Emerson*, 129 B.R. 82 (Bankr. W.D.Va.1991), *aff'd mem.* 962 F.2d 6, 1992 WL 95139 (4th Cir.1992)[7]. The Trust-

---

**3.** The Trustee cites *In Re Myers*, 1990 WL 542803 (W.D.Va.1990) *aff'd mem.*, 941 F.2d 1207, 1991 WL 161487 (4th Cir.1991) as the only case in which a debtor is allowed to reduce the amount of equity in real estate by filing an amended homestead deed. However, the Trustee argues that the *Myers* decision is not on point because it deals primarily with the avoidance of a judgment lien and does not analyze whether the reduction of value in the claimed exemption in an amended homestead deed is permissible.

**4.** "If the householder does not set apart any real estate as before provided, or if what he does or has so set apart is not of the total value which he is entitled to hold exempt, he may, in addition to the property or estate which he is entitled to hold exempt under §§ 34–26, 34–27, 34–29, and 64.1–151.3 in the first case select and set apart under §§ 34–4 and 34–4.1, so much of his personal estate as shall not exceed the total value which he is entitled to hold exempt and, in the latter case, personal estate, the value of which, when added to the value of the real

estate set apart does not exceed such total value."

**5.** Va.Code § 34–17 requires a debtor in bankruptcy to file his homestead deed "on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341..."

**6.** "Although it is probably not frequently considered by bankruptcy practitioners, in Virginia the homestead exemption for personal property and the homestead exemption for real property do not stand on equal footings. The real property exemption has priority, and only if it has not fully exhausted the available amount is the personal property exemption available at all." Trustee's Brief at 5.

**7.** Holding that a debtor cannot by amendment add an asset to a homestead deed past the statutory deadline where that asset was owned by the debtor when the original homestead deed was filed and where the original homestead deed exhausted the total exemption.

ee states that the *Emerson* holding should be extended to prohibit the Debtor from going back and deleting an item. The Trustee also argues that the amendment in this case is not designed to merely clarify or correct a previously properly filed homestead deed.[8]

Finally, the Trustee argues that to allow this Debtor to file a second amended homestead deed reducing the amount of equity claimed in the residence and exempting the tax refunds will encourage debtors to claim all assets on schedules A and B as exempt and work out the details of a proper statutory exemption at a later date through amendment. If the Debtor can freely delete items past the filing deadline, the Trustee will be forced to object to many more claims of exemption at great expense to estates. Further, if there is no time limitation on when an amended homestead deed can be filed, "a debtor who maximized the homestead amount in 1990 in connection with a Chapter 7 case, and who files again this year could file an amended homestead deed to zero out the 1990 homestead deed, thus creating another maximum exemption amount for the current bankruptcy case[; t]hat would be unfair to creditors, it would mock the Virginia exemption law, and it might well create some very difficult title problems." Trustee's Brief at 8.

### Discussion

In the case at bar, the Debtor maximized his homestead exemption in real estate in a timely fashion. Then, he amended his homestead deed in a timely fashion to claim the maximum homestead exemption in real estate plus an exemption in personal property to which he was not entitled. Thereafter, the time for filing a homestead deed expired. Now, out of time, the Debtor wishes to amend his homestead deed again to claim the personal property and eliminate most of the real property exemption claimed.

In analyzing the facts, it appears that within the filing time limits established by the Virginia Code, the Debtor made only one valid homestead exemption claim, and that claim was in his in real estate. His amended claim of exemption in both real and personal property was, on its face, improper and invalid. To allow him to validate it now by further amending to lower his claim in real estate equity is tantamount to allowing him to file a new homestead deed outside the statutory time limits imposed by Va.Code § 34–4. The Court finds that Debtor's claim of exemptions in personal property was never properly exempted in a manner consistent with the Code of Virginia. *See* Va.Code § 34–14. The case at bar is distinguishable from *Shirkey* because the Debtor here does not seek to amend merely to clarify an error made in describing the assets claimed as exempt with reasonable certainty. Here, the Debtor wishes to amend to make his claim of exemption in tax returns valid under Virginia law. The Fourth Circuit in *Shirkey* recognizes this distinction in citing *Goldburg Co. v. Salyer*, 188 Va. 573, 50 S.E.2d 272, 277 (1948): "It (the Supreme Court of Virginia) cautioned that courts are not authorized to reduce or enlarge the exemption, or to read into the exemption laws an exemption not found there." *Id.* at 862, 50 S.E.2d 272.

*Myers, supra,* is also distinguishable since it involved a fact situation where the debtor claimed both real estate and personal property in his original homestead

---

8. *See Shirkey v. Leake,* 715 F.2d 859 (4th Cir.1983) (holding that a debtor could correct a homestead deed by changing from "1978" to "1980" the description of a tax return claimed as exempt by the debtor). *Shirkey* holds that a debtor may amend to correct a description of tax refunds claimed in a timely and proper fashion. The Trustee claims that the present case is distinguished by the fact that the debtor had not filed a proper homestead deed identifying the tax returns because the homestead deed also claimed the full available amount of exemption in real property, thus making the claim on the tax returns invalid. If the tax returns were not validly exempted prior to the deadline, the debtor may not now "correct" the homestead deed by deleting the excess equity in real estate.

deed and then amended to reduce the amount of equity claimed in the real estate portion of the exemption and to adjust values in the exempt personal property. *In re Myers*, 1990 WL 542803.

Once the time for claiming exemptions under Virginia law expired, the exemptions validly claimed were allowable. Those not validly claimed are subject to the administration by the Trustee, and in this case, the Debtor's tax refunds fall into that category.

Accordingly, it is

ORDERED:

That the Debtor's claimed exemption in tax refunds through his first amended homestead deed is ineffective and he is now barred from any further amendment which would permit him to exempt said refunds.