**In re Lucille WATKINS, Debtor.**

**No. 01–11120–SSM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 20, 2001.

Gordon P. Peyton, Alexandria, VA, Chapter 7 Trustee.

Eniola O. Fashoro, Burke, VA, for debtor.

## MEMORANDUM OPINION

STEPHEN S. MITCHELL, Bankruptcy Judge.

A hearing was held in open court on July 3, 2001, on the objection filed by Gordon P. Peyton, the chapter 7 trustee, to the debtor's claim of exemptions. The debtor was represented by counsel. The chapter 7 trustee was present in person. The pivotal issue is whether Virginia's unlimited exemption for the "proceeds" of life insurance policies applies to the cash surrender value of such a policy. Upon review of the applicable law, the court concludes that it does not. The debtor may,

however, exempt a portion of the cash surrender value under the Virginia homestead exemption

### Background

The facts are not disputed. The debtor, Lucille Watkins, filed a voluntary chapter 7 petition in this court on March 15, 2001. On her schedules, she listed and claimed exempt personal property in the amount of $5,620.00. On April 4, 2001, the debtor filed a homestead deed in Arlington County, Virginia, that set apart eleven separate items valued at $1.00 each, one of which was identified as "life insurance proceeds." On April 24, 2001, the meeting of creditors took place, but according to the trustee was continued because the debtor's schedules did not list any life insurance. The debtor then amended her schedules on May 3, 2001, to include a life insurance policy with Pacific·Life Insurance Co. (Policy # 043681400M) having a "loan value" of $16,000.00.[1] The addition of the policy increased the total amount of listed assets to $21,620.00.[2] The amended schedules claimed $15,000.00 of the $16,000.00 life insurance policy as exempt under Va.Code Ann., § 38.2–3120.[3] On May 3, 2001, the debtor attended the rescheduled meeting of creditors and, on June 13, 2001, filed an amended homestead deed that increased the amount of the "life insurance proceeds" from $1.00 to $5,000.00.[4]

---

1. The face value of the policy (i.e., the death benefit) is not stated in the schedules.

2. The exact amount of the cash surrender value of the insurance policy is unclear, since the policy itself has not been admitted into evidence. At oral argument, the Trustee stated the cash surrender value to be $17,177.00, while the debtor's schedules, as noted, list the cash surrender value as $15,000.00. For the purpose of the present ruling, it is not necessary for the court to determine the precise amount of the cash surrender value.

3. The debtor has admitted in her response that her schedules improperly cited Va.Code

Ann. § 38.2–3120 as authority for this exemption. The debtor now relies on Va.Code Ann. § 38.2–3122.

4. The amended homestead deed also increased the value of three bank accounts, originally claimed exempt in the amount of $1.00, to an aggregate of $500.00. The total exemption claimed on the amended homestead deed is $5,500.00. At oral argument, counsel for the debtor advised that $500.00 of the amount exempted represents additional credit for a dependent, although the amended homestead deed does not list any dependents.

On June 4, 2001, the chapter 7 trustee, Gordon P. Peyton, filed the objection currently before this Court. The Trustee argues that the life insurance policy has a cash surrender value of $17,166.90 and that recovery of this sum would provide for a 75% dividend to creditors. The Trustee further asserts that Va.Code Ann. § 38.2–3123 effectively limits Va.Code Ann. § 38.2–3122, upon which the debtor relies. Additionally, the Trustee argues that the cases cited by the debtor construed a prior version of the statute which has since been repealed. Finally, the Trustee asserts that the debtor's homestead deed is insufficient to exempt any portion of the cash surrender value because it lists only policy "proceeds." The debtor, in response, argues that the court should give a liberal interpretation to the word "proceeds" as used in § 38.2–3122, thereby allowing the entire cash surrender value of her life insurance policy to be exempted. As a fall-back, the debtor seeks a ruling that she can at least exempt the portion of the cash surrender value that she set apart on her homestead deed.

## Discussion

### A.

■ In general, all property belonging to a debtor is available for distribution to creditors in a bankruptcy case. However, an individual debtor who files for bankruptcy relief may exempt from property of the bankruptcy estate—and thus retain, free from the claims of most creditors—either the property specified in § 522(d), Bankruptcy Code ("the Federal exemptions"), or, alternatively, the exemptions allowable under state law and general (that is, nonbankruptcy) Federal law. A state, however, is permitted to "opt out" of allowing its residents to take advantage of the Federal exemptions. § 522(b)(1), Bankruptcy Code. Virginia has done so, Va. Code Ann. § 34–3.1, with the result that residents of Virginia filing bankruptcy petitions may claim only those exemptions allowable under state law and general Federal law. *In re Smith,* 45 B.R. 100 (Bankr.E.D.Va.1984).

### B.

■ As a leading commentator has noted,

> Because the [Bankruptcy] Code gives the states the power to opt out of the section 522(d) exemption scheme, state exemption laws as pertain to insurance policies are of great importance.... Recourse must be had to the particular statutes involved and the court decisions interpreting them.

4 Lawrence P. King, Collier on Bankruptcy, ¶ 522.09[7] (15th ed. rev.1997) (internal citations omitted). The debtor in this case relies for her exemption claim on a Virginia statute protecting a *beneficiary's* interest in the "proceeds" of an insurance policy from the claims of the *insured's* creditors:

> The assignee or lawful beneficiary of an insurance policy shall be entitled to its proceeds against any claims of the creditors or representatives of the insured or the person effecting the policy, except in cases of transfer with intent to defraud creditors....

Va.Code. Ann. § 38.2–3122. However, this general protection is subject to an important qualification:

> In the case of policies under the terms of which the right to change the beneficiary is reserved and to which the cash surrender or loan value of the policy is claimed by the creditors, the insurance shall not be entitled to the protection afforded by § 38.2–3122.

Va.Code Ann. § 38.2–3123. These two statutory provisions-the second of which not only immediately follows the first, but expressly refers to it-are clearly intended to be read together. Thus, even putting aside the debtor's failure to show that she

is the *beneficiary* of the policy on her own life, and regardless of whether the term "proceeds" should be liberally interpreted to include a life insurance policy's cash surrender value and not merely the death benefit, the plain language of § 38.2–3123 precludes any exemption of the cash surrender value or loan value of a policy by a policy holder who has retained the right to change beneficiaries.

The decisions in *In re Manicure*, 29 B.R. 248 (Bankr.W.D.Va.1983) and *In re Redmon*, 31 B.R. 756 (Bankr.E.D.Va.1983), upon which the debtor relies, involved a predecessor statute, Va.Code Ann. § 38.1–449, which expressly *allowed* a "householder" or "head of household" to exempt the cash surrender value of an insurance policy or policies up to $10,000.00.[5] That statute, however, was repealed effective July 1, 1986, by Acts of Assembly 1986, c. 562, which also enacted the current statutes, Va.Code §§ 38.2–3122 and 38.2–3123. Accordingly, the court can only conclude that § 38.1–3122 does not entitle the debtor to exempt the cash surrender value of the policy.

### C.

As an alternative, the debtor argues that she is nevertheless entitled to exempt at least a portion of the cash surrender value under the Virginia homestead exemption. The homestead exemption permits a "householder"—defined as any resident of Virginia—to hold up to $5,000 of real or personal property exempt by filing for record an instrument known as a homestead deed in the clerk's office of the circuit court for the city or county where the real property is located and, if personal property is claimed, where the debtor resides. Va.Code Ann. §§ 34–4, 34–6, 34–13, and 34–14. Additional amounts may be claimed exempt if the householder supports dependents or is a disabled veteran. Va.Code Ann. §§ 34–4 (additional $500 for each dependent) and 34–4.1 (additional $2,000 for disabled veteran). In the case of a debtor who has filed for bankruptcy, the homestead exemption must be "set apart" no later than 5 days after the first date set for the meeting of creditors in the bankruptcy case.[6] Va.Code Ann. § 34–17. Failure to comply with the statutory requirements for setting apart a homestead exemption results in the loss of that exemption in bankruptcy. *Zimmerman v. Morgan*, 689 F.2d 471, 472 (4th Cir.1982); *In re Freedlander*, 93 B.R. 446, 448–49 (Bankr.E.D.Va.1988). However, where a debtor has timely staked out a claim of exemption for a particular asset,—even if only in a nominal amount—the homestead deed may thereafter be amended to increase the value of the asset up to the unused amount of the homestead exemption. *In re Sherman*, 191 B.R. 654, 657 (Bankr.E.D.Va.1995). Additionally, a

---

**5.** The statute then in effect read as follows:

§ 38.1–449.–Amount of such proceeds limited in certain cases.—In the case of policies under the terms of which the right to change the beneficiary is reserved *and as to which the cash surrender value or loan value thereof is claimed by such creditors,* such insurance shall not be entitled to the protection afforded by § 38.1–448, *except that in the case of householders or heads of families or their beneficiaries or their assignees the total amount of such insurance entitled to the protection afforded by § 38.1–448*

*shall not exceed ten thousand dollars* and when the amount of such insurance represented by two or more policies exceeds such limit, the protection afforded by § 38.1–448 shall be allowed as to each of such policies pro rata in accordance with the respective annual premiums.

(emphasis added).

**6.** Where a case is converted to chapter 7 from chapter 13 or chapter 11, the five days run from the meeting of creditors in the converted case. Va.Code Ann. § 34–17.

debtor may also amend a homestead deed to correct the description of an exempted asset. *Shirkey v. Leake,* 715 F.2d 859 (4th Cir.1983) (allowing amendment to change description from "1978 income tax refunds" to "1980 income tax refunds").

■■■■ Applying these principles, it seems clear that the debtor is entitled to a homestead exemption for at least a portion of the cash surrender value The debtor timely filed her original homestead deed in the proper location on April 4, 2001, well before the first meeting of creditors took place, exempting "Life insurance proceeds" in the nominal amount of $1.00. The trustee argues, however, that the description "proceeds" used in the original homestead deed (and for that matter, in the amended homestead deed) describes something different from cash surrender value. It is of course true that the homestead exemption statute expressly requires the debtor to "describe *with reasonable certainty* the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof." Va.Code Ann. § 34–14 (emphasis added); *see also Payne v. Wood (In re Payne),* 775 F.2d 202, 206 (7th Cir.1985) (debtor has the burden "to make out the claim of exemption with adequate specificity."); *In re Avis,* 1996 WL 910911 (Bankr.E.D.Va. 1996) (holding that ambiguities in claim of exemption are resolved against debtor, and that exemption of interest in "trust under will" was not sufficient to exempt lump sum payment resulting from exercise of a power of appointment by the life beneficiary).

At the same time, given the liberal construction traditionally accorded exemption statutes, a debtor's claim of exemption should not be read so narrowly or hyper-technically as to defeat an otherwise proper exemption simply because the description of the property is not perfectly precise. In this connection, it is perhaps true that the more natural reading of "proceeds," as it relates to an insurance policy, would be the benefit payable upon the event insured against. However, the definition of "proceeds" also includes "the sum, amount, or value of property sold or converted into money or into other property." Black's Law Dictionary 1084 (5th ed.1979). That definition is sufficiently broad to embrace the cash surrender value of a life insurance policy, since the cash surrender value represents the cash that would be received if the policy were "converted into money" by surrendering it prior to maturity.

As noted, the original claim of exemption was only in the nominal amount of $1.00. It is well established, however, that if an initial exemption claim is timely made, even in a nominal amount, it may thereafter be amended upward, to the extent the homestead exemption amount has not been exhausted, to increase the value claimed exempt. *In re Sherman; see also Addison v. Reavis,* 158 B.R. 53, 56 (E.D.Va.1993) (noting long-standing Virginia practice of claiming only a nominal value for assents claimed exempt and of amending the exemption upwards "if and when the bankruptcy court determines that a higher value is more appropriate"). Here, the debtor did precisely that by filing an amended homestead deed claiming $5,000.00 of the policy "proceeds" as exempt.

The only wrinkle concerns the amount of the exemption. The debtor claimed a total of $5,500.00 in exempt assets on her amended homestead deed. The base amount of the homestead exemption is $5,000.00. Va.Code § 34–4. That amount

is increased by $500.00 for each dependent supported by the debtor. *Id.* The debtor's schedules indeed reflect that she has one dependent, a 19–year old son. However, neither the original nor the amended homestead deed lists any dependents. The statutory form for a homestead deed requires the debtor to state the "Name(s) and age(s) of dependent(s)." Va.Code § 34–14. While the statute does not require that a homestead deed exactly follow the statutory form, it does require that the writing used to set apart the homestead exemption be "substantially similar." Because the amended homestead deed filed by the debtor does not list, as required, the names and ages of any dependents, it is insufficient to support a homestead exemption claim in excess of $5,000.00. There is no reason, however, why the debtor may not file another amended homestead deed in order to claim the additional $500.00 exemption. If she does so, she will be entitled to hold $5,000.00 of the cash surrender or loan value of the policy exempt; otherwise, the exemption will be limited to a pro-rata amount of the total exemptions claimed.

A separate order will be entered consistent with this opinion sustaining the trustee's objection except as to the amount the debtor is entitled to hold exempt under the homestead exemption.