**In re Patrick L. CAMBRE and
Catherine S. Cambre,
Debtors.**

No. 11–71672.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 27, 2012.

Henry A. Whitehurst, Esquire, Christiansburg, VA, for Debtors.

George A. McLean, Esquire, Chapter 7 Trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision is the Trustee's objection to the Debtors' homestead exemption. The Trustee has objected that the homestead exemption was not filed timely according to the provisions of Virginia Code § 34–17.[1]

### Facts

The Debtors filed their Chapter 7 petition on August 8, 2009. The Debtors' § 341 creditors meeting was held on September 29, 2011. The Debtors are residents of Montgomery County, Virginia and filed a homestead deed in the clerk's office of the Circuit Court of Montgomery County on September 6, 2011 (Homestead Deed A). Homestead Deed A was signed by both debtors and was titled "Homestead Deed for Personal Property." Homestead Deed A exempted $10,000 in "1.92 Acres Blue Ridge District, Bedford County." Homestead Deed A was filed with this Court on September 28, 2011. On October 14, 2011, the Debtors recorded a second homestead deed (Homestead Deed B). Homestead Deed B was filed in the Circuit Court of Bedford County, Virginia. Homestead Deed B also exempted $10,000 in "1.92 Acres Blue Ridge District, Bedford County." The Trustee filed his objection on October 28, 2011. The Debtors filed a response to the objection on November 7, 2011.

### Discussion

The Trustee's objection states that "the homestead deed was not filed timely in the Circuit Court of Bedford County under Virginia Code § 34–17." The Debtors contend that the homestead deeds sought to protect the value of the real estate rather than the real estate itself.[2] The Debtors contend that they expected the Chapter 7 Trustee to sell the real estate because the tax assessed value

---

1. *In re Cambre (11–71672)*, Obj. to Homestead Exemption ¶ 7, October 28, 2011, ECF Docket No. 20.

2. *In re Cambre (11–71672)*, Resp. to Obj. to Homestead Exemption ¶ 2–3, November 7, 2011, ECF Docket No. 29.

of the real estate is greater than the exemption amount protected by the homestead deed.[3] The Debtors reason that if their homestead deed is one for personal property (the value to be derived from the sale of the real estate), then they have complied with the time limits set out by Virginia Code § 34–17 because they filed Homestead Deed A in Montgomery County on September 28.

To claim a homestead exemption in real property, a householder must record a signed writing in the county or city where the real estate is located. Va.Code § 34–6. To claim a homestead exemption in personal property, a householder must record a signed writing in the county or city where he or she resides. Va.Code § 34–14. Debtors who file voluntary petitions under the Bankruptcy Code are given until the fifth day after their § 341 creditors meeting to file a homestead deed, regardless of whether the homestead deed is for real or personal property. Va.Code § 34–17. Homestead Deed B is ineffective because it was filed on October 14, 2011, more than five days after the Debtors' § 341 creditors meeting held on September 29, 2011.[4] Therefore, for the Court to resolve the Trustee's objection, the Court must only determine whether or not Homestead Deed A is effective.

 To claim an exemption in personal property, the property must be described "with reasonable certainty" in writing. Va.Code § 34–14. The Fourth Circuit instructs that:

The requirement that personal property be described with "reasonable certainty" cannot be defined by a universal standard. Nonetheless, courts cannot be allowed to make wholly subjective determinations of reasonableness. Whether a description is reasonably certain involves a judgment that takes into consideration the purpose of exemption statutes and the characteristics of the object to be described. Certain clearly defined principles exist to assist a court in the exercise of its discretion. In *Goldburg v. Salyer*, 188 Va. 573, 50 S.E.2d 272 (1948), the Supreme Court of Virginia explained that Virginia's exemption statutes "are enacted to insure an unfortunate debtor and his equally unfortunate, but more helpless, family a means of shelter and a measure of existence." The Court admonished that provisions for exemption "must be liberally construed in favor of the debtor and strictly against the creditor."

*Shirkey v. Leake*, 715 F.2d 859, 861–862 (4th Cir.1983) (internal citation sentences omitted).

In this case, Homestead Deed A is titled "Homestead Deed for Personal Property." The deed goes on to recite that the Debtors:

certify that we have not heretofore claimed any homestead or other exemption as provided by the Constitution of Virginia and by this instrument we do hereby signify and declare our intention to now claim benefits of the HOMESTEAD EXEMPTION OF

---

3. *In re Cambre (11–71672)*, Resp. to Obj. to Homestead Exemption ¶ 2, November 7, 2011, ECF Docket No. 29.

4. Debtors are permitted to amend a homestead deed to correct the description of an exempted asset. *In re Watkins*, 267 B.R. 703, 708 (Bankr.E.D.Va.2001). The Court does not consider Homestead Deed B to be an amendment of Homestead Deed A because Homestead Deed B was filed in a different county than Homestead Deed A. The court also notes that Homestead Deed B is inaccurate when it recites that the Debtors "have not heretofore claimed any homestead or other exemption as provided by the Constitution of Virginia."

HOUSEHOLDER pursuant to *Chapter 2, Section 34–4 and 34–14 of the Code of Virginia, 1950, as amended,* to which we are entitled. Pursuant to said Code sections, we set aside as exempt, as provided by law, the personal property set forth below to which individual cash evaluations are given.

In Homestead Deed A, the "property set forth below" is "1.92 Acres Blue Ridge District, Bedford County." This property description appears to be that of real property and not personal property. Yet, the title of the deed, the language of the body of the deed, and the referenced code section in the deed (Va.Code § 34–14) all refer to personal property and not real property. The Debtors contend that they were trying to exempt the funds from an inevitable sale of the property and that is why the homestead deed is filed ·as an exemption of personal property under Virginia Code § 34–14.

█ A description of real property in a deed purporting to protect personal property is *uncertain* enough for Court to sustain the Trustee's objection on this basis alone. However, since homestead exemptions are to be construed liberally in favor of the Debtor, the Court is compelled to examine the issue further. The Debtors argue that the description in Homestead Deed A refers to the Debtors' unliquidated equity in the property. If this is the case then the Court finds the Debtors did not describe the property (the unliquidated equity) with reasonable certainty as required by Virginia Code § 34–14. Even if the Debtors had described the property in Homestead Deed A as "proceeds from future sale of 1.92 Acres Blue Ridge District, Bedford County" or "unliquidated equity in 1.92 Acres Blue Ridge District, Bedford County," the deed would still be ineffective because it would seek to protect personal property that either did not exist or could

not exist prior to the filing of the homestead deed. At the time of the filing, the real estate had not been sold, nor was it under a contract of sale. The Debtors have supplied no evidence that unliquidated equity in a piece of real property is personal property. The Debtors have failed to demonstrate how at the time of filing, they had exempted any personal property because the personal property they claim did not exist at the time of filing. Therefore, Homestead Deed A is either a homestead deed for real property filed in the incorrect county or a homestead deed for personal property that did not exist and could not have existed at the time of the filing. In either case, Homestead Deed A is ineffective.

## Conclusion

The Court finds that the limits of a reasonable interpretation would be breached if it were to allow the Debtors to claim unliquidated equity in a piece of real property under a personal property homestead exemption. The Court heeds the Fourth Circuit's guidance that "[w]hether a description [in a homestead deed] is reasonably certain involves a judgment that takes into consideration the purpose of exemption statutes and the characteristics of the object to be described." *See Shirkey,* 715 F.2d at 862. Although the purpose of the homestead exemption is to ensure debtors are not left completely destitute, this Court will not interpret a homestead deed in a way that renders superfluous the Virginia Code's division between homestead exemptions for real property and homestead exemptions for personal property. The object described by Homestead Deed A is not personal property and it is not real property that is located within the county in which the deed was filed. Therefore, Homestead Deed A is ineffective. Accordingly it is,

**344**

**ORDERED**

That the Trustee's objection to the Debtors' homestead exemption is **SUS-TAINED.**